**FILED**

DEC 1 4 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

JIMMY SHARBUTT,                           )
No. 09112-062                             )
Federal Correctional Complex             )
Box 3000 (MEDIUM)                         )
Forrest City, Arkansas 72336,            )
                                          )
                    Plaintiff,            )
                                          )
              v                           )    CASE No
                                          )
BUREAU OF ALCOHOL, TOBACCO,               )
FIREARMS & EXPLOSIVES,                    )
Department of Justice                     )
Washington, D. C.  20226,                 )
              and                         )
EXECUTIVE OFFICE FOR UNITED               )
STATES ATTORNEYS, Rm 7300,                )
United States Department of Justice)
600 E. Street, NW                         )
Washington, D. C. 20530,                  )   FREEDOM OF INFORMATION ACT SUIT
              and                         )
UNITED STATES MARSHALS SERVICE,  )
Department of Justice                     )
Washington, D. C. 20530,                  )
              and                         )
FEDERAL BUREAU OF INVESTIGATION,)
Department of Justice                     )
J. Edgar Hoover Building                  )
Washington, D. C. 20535,                  )
              and                         )
CRIMINAL DIVISION of the United )
States Department of Justice              )
Washington, D. C. 20530,                  )
              and                         )
FEDERAL BUREAU OF PRISONS,                )
320 First Street, NW                      )
Washington, D. C.  20534,                 )
              and                         )
DRUG ENFORCEMENT ADMINISTRATION,)
Department of Justice                     )
Washington, D. C.  20537,                 )
              and                         )
INTERNAL REVENUE SERVICE,                 )
 Department of the Treasury               )
Washington, D. C.  20224,                 )
                                          )
                    Defendants.)

CASE NUMBER  1:05CV02396

JUDGE: John Garrett Penn

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 12/14/2005

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

NOW COMES, Plaintiff, JIMMY LEE SHARBUTT, a pro se prisoner, and as and for his complaint against defendants states, claims and alleges as follows:

**RECEIVED**

NOV 1 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-1-

## Jurisdiction

This Court has jurisdiction to entertain this complaint for judicial review pursuant to the Freedom of Information Act. (5 USC Section 552).

## Venue

Venue lies and is proper in the District of Columbia for all Freedom of Information Act suits.

## Plaintiff

Plaintiff, JIMMY LEE SHARBUTT, is a federal prisoner presently housed at the Federal Correctional Complex, Medium Facility, at Box 3000, Forrest City, Arkansas 72336.

## Defendants

Defendants, each and every one of them, named in the caption, are "agencies" as defined in the Freedom of Information Act, and are subject to the Freedom of Information laws.

## COUNT I

1.   By letter dated April 19, 2005, to the Defendant BUREAU OF ALCOHOL, TOBACCO, FIREARMS & EXPLOSIVES (Hereinafter "BATF&E") the plaintiff requested all information in any way connected to his name.
2.   BATF&E never responded to the April 19, 2005 request.
3.   By letter dated June 15, 2005, the plaintiff appealed to the OFFICE OF INFORMATION & PRIVACY (OIP) the failure of the BATF&E to respond to his request.
4.   By letter dated June 28, 2005, the OIP advised plaintiff that BATF&E claimed it never received the request of April 19, 2005.
5.   By letter dated July 1, 2005, the BATF&E advised plaintiff that he needed to send proof of his identity before his request could be processed.
6.   By letter dated July 16, 2005, plaintiff sent a revised request to BATF&E including his proof of identity.
7.   By letter dated July 26, 2005, the BATF&E acknowledged receipt of plaintiff's revised request.
8.   By release dated August 16, 2005, the BATF&E sent plaintiff a package of records partially denying him some information by deletions.
9.   By appeal letter dated September 10, 2005, the plaintiff challenged the use of certain exemptions to withhold information from him by BATF&E.
10.   By response dated October 24, 2005, the OIP affirmed the BATF&E's action on his request.
11.   BATF&E is arbitrarily and capriciously applying exemptions to withhold information from plaintiff.

-2-

12.    BATF&E is in violation of the FOIA.
13.    This action is proper to obtain judicial review of the BATF&E
action/inaction.

## COUNT II

1.    By letter dated April 19, 2005, to the Defendant, EXECUTIVE
OFFICE FOR UNITED STATES ATTORNEYS, (Hereinafter "EOUSA") the
plaintiff requested all records in the Tulsa and Oklahoma City,
Oklahoma districts used to prosecute him.
2.    By letter dated June 6, 2005, the EOUSA assigned number 05-1451
to the plaintiff's request for records in the Western District of
Oklahoma.
3.    By letter dated June 6, 2005, the EOUSA assigned number 05-1450
to the plaintiff's request for records in the Northern District
of Oklahoma.
4.    By letter dated June 16, 2005, the EOUSA advised plaintiff
that no records could be found in the Western District of Oklahoma.
5.    By letter dated June 28, 2005, the plaintiff appealed the
no records response of the EOUSA as to the Western District of
Oklahoma records request, to the Office of Information & Privacy(OIP).
6.    By letter dated July 18, 2005 the OIP acknowledged receipt of
the plaintiff's no records response appeal.
7.    By letter dated July 30, 2005 to the OIP the plaintiff
appealed the unreasonable delay and violation of the statutory
time limits within which to respond to the Northern District of
Oklahoma records request.
8.    By letter dated August 22, 2005, the OIP acknowledged receipt
of the appeal regarding the Northern District of Oklahoma records
request to the EOUSA.
9.    By letter dated September 29, 2005, the EOUSA released one
page of records in full and 3 pages in part, after a referral from
the UNITED STATES MARSHALS SERVICE (Hereinafter USMS), applying
exemptions (b)(7)(C) and (j)(2) of the FOIA and the Privacy Act PA)
to withhold that information.
10.    By letter to OIP dated October 5, 2005, plaintiff appealed
the use of said exemptions as arbitrary and capricious action by
the EOUSA.
11.    By letter dated October 26, 2005, the plaintiff received
acknowledgement from the OIP that his appeal was received as to
the referral release from the USMS.
12.    Plaintiff has received no further correspondence from the
USMS, OIP or EOUSA regarding his requests and appeals concerning
the EOUSA.
13.    The EOUSA is in violation of the FOIA.
14.    This action is proper to obtain judicial review of the
action/inaction by the EOUSA.

-3-

## COUNT III

1.   By letter dated April 19, 2005, the plaintiff requested all records in any way connected to his name from the UNITED STATES MARSHALS SERVICE (Hereinafter "USMS").

2.   By letter dated May 13, 2005 the USMS acknowledged receipt of the request.

3.   By letter dated June 30, 2005, the plaintiff appealed the unreasonable delay by the USMS in processing his request and violation of the FOIA time limits, to the OIP.

4.   By letter dated July 6, 2005, the USMS advised plaintiff they could not locate any records responsive to his request.

5.   By appeal letter to OIP dated July 16, 2005, the plaintiff appealed the no records response of USMS.

6.   The USMS acknowledged receipt of the appeal on August 1, 2005 advising plaintiff that USMS was still processing his request.

7.   By letter dated August 10, 2005 the OIP acknowledged receipt of plaintiff's appeal.

8.   By letter to OIP dated September 19, 2005, plaintiff received certain records from the USMS and withholdings were had by USMS under exemptions claimed.

9.   By letter dated September 23, 2005, the OIP acknowledged receipt of the plaintiff's appeal.

10.   Plaintiff appealed again to OIP the arbitrary and capricious use of certain exemptions of the FOIA by USMS.

11.   Plaintiff has not received any further correspondence from the USMS or OIP in connection to the USMS withholdings.

12.   USMS is in violation of the FOIA and is arbitrarily and capriciosly withholding records from plaintiff.

13.   This action is proper to obtain access to the withheld records from the USMS.

## COUNT IV

1.   By letter dated April 19, 2005, the plaintiff requested all records in any way connected to his name from the Defendant FEDERAL BUREAU OF INVESTIGATION (Hereinafter "FBI").

2.   By letter dated April 19, 2005 plaintiff requested all records in connection to his name in the FBI Field Office in Oklahoma City, Oklahoma.

3.   By letter dated May 12, 2005, the FBI advised plaintiff no records could be located in Washington, D.C. and Oklahoma City.

4.   By letter dated May 19, 2005 the FBI advised plaintiff there were no records found at their Central Office.

5.   Plaintiff filed a no records appeal to the Oklahoma City request by letter dated June 4, 2005 to the OIP.

6.   Plaintiff filed a no records appeal to the Central Office request by letter dated June 9, 2005 to OIP.

7.   The OIP acknowledged receipt of the first appeal by letter dated June 22, 2005 to plaintiff.

8.   The OIP acknowledged receipt of the second appeal by letter dated June 28, 2005 to plaintiff.

9.   By letter dated October 3, 2005, the OIP affirmed the actions as to the Central Office and remanded as to the Oklahoma City FBI Field Office request.

10.   This action is proper to review the action/inaction of FBI.

-4-

## COUNT V

1.    By letter dated April, 2005, plaintiff requested all records in any way connected to his name in the possession of the Defendant CRIMINAL DIVISION OF THE UNITED STATES DEPARTMENT OF JUSTICE (Hereinafter the "CRIMINAL DIVISION").
2.    CRIMINAL DIVISION never responded.
3.    Plaintiff appealed the failure of CRIMINAL DIVISION to respond to his request to the OIP.
4.    By letter dated August 15, 2005, the OIP advised the plaintiff that the CRIMINAL DIVISION was still processing his request.
5.    CRIMINAL DIVISION then responded to plaintiff's request by letter dated August 30, 2005 advising him that no records were found pertaining to his name.
6.    Plaintiff appealed the no records response to the OIP by letter dated September 15, 2005.
7.    By letter dated October 4, 2005, the OIP acknowledged receipt of plaintiff's appeal.
8.    By letter dated October 24, 2005, the OIP affirmed the CRIMINAL DIVISION's initial action on his request.
9.    Plaintiff is entitled to judicial review of the CRIMINAL DIVISION action/inaction on his request.

## COUNT VI

1.    By letter dated April 19, 2005, the plaintiff requested information from the Defendant FEDERAL BUREAU OF PRISONS (Hereinafter "BOP").
2.    BOP acknowledged receipt of this request by letter to plaintiff dated May 19, 2005.
3.    By release dated May 24, 2005, the BOP released certain information to plaintiff and withheld portions in their entirety and in part by application of certain exemptions.
4.    By letter dated June 11, 2005 the plaintiff appealed the withholdings of the BOP to the OIP as arbitrary and capricious.
5.    By letter dated June 24, 2005, the OIP acknowledged receipt of the plaintiff's appeal.
6.    Plaintiff has received no further correspondence from the BOP or the OIP regarding this request or appeal.
7.    The BOP is in gross violation of the FOIA time limits.
8.    This action is proper to obtain judicial review of the BOP action/inaction.

## COUNT VII

1.    By letter dated April 19, 2005, the plaintiff requested a copy of all records in any way connected to his name from the DRUG ENFORCEMENT ADMINISTRATION (Hereinafter "DEA").
2.    By letter to OIP dated June 16, 2005, the plaintiff appealed the failure of the DEA to respond to his request within the statutory time limits of the FOIA.
3.    By letter dated June 24, 2005, the DEA acknowledged receipt of the plaintiff's request.

-5-

4.    By letter dated June 29, 2005, the OIP acknowledged receipt of the plaintiff's appeal.
5.    By letter dated July 13, 2005, the DEA advised plaintiff that no records could be found in connection to his name.
6.    By appeal letter to the OIP dated July 23, 2005, the plaintiff appealed the no records response of the DEA.
7.    By letter dated August 8, 2005, the OIP advised plaintiff that DEA was still processing his request.
8.    By letter dated August 10, 2005, the OIP advised plaintiff that his second appeal was filed.
9.    By letter dated September 19, 2005, the OIP affirmed the DEA's action on his request.
10.   Plaintiff is entitled to seek judicial review of the DEA's action/inaction on his request.

## COUNT VIII

1.    By letter dated April 19, 2005, the plaintiff requested information in connection to his name from the Defendant INTERNAL REVENUE SERVICE (Hereinafter "IRS").
2.    IRS never responded to the request.
3.    By letter to OIP dated June 16, 2005, plaintiff appealed the failure of the IRS to respond to his request, to the Director of the IRS in Washington, D.C.
4.    The IRS then sent plaintiff a letter dated July 25, 2005 stating plaintiff did not timely appeal the action of the IRS.
5.    There was no action of the IRS to appeal.
6.    Therefore, the July 25, 2005 letter was improvident.
7.    IRS is in gross violation of the FOIA time limits.
8.    This action is proper to obtain access to the requested records from the IRS.
9.    IRS is in gross violation of the FOIA and plaintiff seeks judicial review of their action/inaction.

WHEREFORE, Plaintiff prays for the following relief:

1

    These proceedings be ordered expedited according to the provisions of the FOIA;

2

    That each and every defendant agency named above be declared in violation of the FOIA;

3

    Order plaintiff immediate access to the requested records in the case of each and every named defendant agency above;

4

    Grant plaintiff his reasonable attorneys/researchers/clerical fees incurred and costs of this action;

5

Upon finding of intentional withholding of requested information by any agency or employee thereof, imposition of sanctions and punitive damages be awarded the plaintiff accordingly;

6

Grant any further relief this Court deems just and proper.

Respectfully Submitted this ____11ᵀᴴ____ day of November, 2005.

By _____
JIMMY LEE SHARBUTT, Pro Se
No. 09112-062
Federal Correctional Complex
Box 3000 (MEDIUM)
Forrest City, Arkansas
                                    72336

-7-