IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JIMMY SHARBUTT )
)
    Plaintiff )
)
    v. )    Case No. 1:05CV02396 (JGP)
)
INTERNAL REVENUE SERVICE, )
ET. AL. )
)
    Defendants. )

## DECLARATION OF THERESA CARRILLO

I, Theresa Carrillo, pursuant to the provisions of 28 U.S.C. § 1746, declare as follows:

    1.    I am an Appeals Officer at the Internal Revenue Service's ("Service")
Fresno, California Appeals Office ("Appeals Office"). I have been an Appeals Officer
since January 2003 and have worked Freedom of Information Act ("FOIA") appeals
since October 2004. I have been employed by the Service in various positions for
approximately 18 years.

    2.    The Fresno Appeals Office is a post of duty of the Service's Appeals
Office, which reports to the Commissioner of Internal Revenue. One of the office's
duties is to process administrative appeals of FOIA requests mailed to the Service.

    3.    In July 2005, the Appeals Office received correspondence from plaintiff
Jimmy Sharbutt dated June 16, 2005 and entitled "FOIA APPEAL," a copy of which is
attached hereto as exhibit A. In response to this correspondence, I was assigned to
search the Service's records for the underlying FOIA request and address the appeal.

4.     Using the plaintiff's name, I searched for a FOIA request from plaintiff Jimmy Sharbutt, using the Service's Electronic Disclosure Information Management System ("EDIMS") to determine whether any FOIA requests had been filed by, or on behalf of, Mr. Sharbutt. EDIMS is a computerized information system for inventory control and casework management of disclosure requests made to the Service's disclosure offices. My EDIMS search revealed that no records of a FOIA request by, or on behalf of, Mr. Sharbutt existed.

5.     Based on the search I conducted in EDIMS I concluded that no FOIA request had been submitted to the Service by, or on behalf of, Mr. Jimmy Sharbutt. As a result, I prepared a responsive letter to the plaintiff advising that his appeal did not meet the minimum requirements of the Internal Revenue Service regulations because the appeal (i) failed to reasonably describe the records requested to which the appeal allegedly pertained and (ii) failed to specify the date of the alleged FOIA request and the office to which the alleged request was submitted. Further, assuming *arguendo* that a FOIA request had been submitted and an IRS response received by plaintiff as alleged, I advised the plaintiff that the appeal would remain improper because it was not received by the Service within the statutory time period for filing a FOIA appeal pursuant to 26 C.F.R. § 602.702(c)(10)(i).

6.     I did not draft entries to the Appeals Centralized Database System ("ACDS"), which is the Appeals Division's computerized information system for case receipt, control and processing, because IRS records indicated that there was no underlying FOIA request to appeal.

-2-

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the  $\underline{16}$  day of February, 2006, in Fresno, California.

Theresa Carrillo, Appeals Officer
Internal Revenue Service
Appeals Office
Fresno Campus
5045 E. Butler Avenue
Fresno, California 93727-5136

# EXHIBIT A

## FOIA APPEAL

To: Director

Internal Revenue Service

Department of the Treasury

Washington, D. C. 20224

Date: June 16, 2005

RE: FOIA to _____ IRS Oklahoma City, OK

Request No. 4/19/05

Dear Sir:

This is an appeal under the Freedom of Information Act.

Please consider reviewing the action or inaction of the agency: IRS Oklahoma City, OK _____ in connection to my request for records.

(check appropriate box or boxes below)

__X__ The agency has not responded and the time limits within which to do so has expired.

_____ The agency has claimed that no records could be found and I want to appeal that "no records" response.

_____ The agency has blanket denied release of all records.

_____ The agency has released certain records and withheld some by claiming certain exemptions.

_____ The agency has withheld certain records but has not claimed any exemptions or stated any reason for the deletions.

_____ I believe the agency action or inaction otherwise unjust for the following reason:

_____

_____

Appellant believes the agency has acted arbitrary and/or capricious and asks for review of the action/inaction.

The burden is on the agency to show the material withheld fits within the parameters of the exemptions claimed. Appellant asks that the agency itemize and index the withheld material and include detailed affidavits & explanations in support to justify any withholdings.

Sincerely,

cc: file

X _____

Jimmy Sharbutt 09112-062

Box 3000, Forrest City, AR 72336

**Internal Revenue Service**                          **Department of the Treasury**
Fresno Appeals Office
M/S #55201
5104 N. Blythe Suite 201
Fresno, CA  93722

                                                      **Person to Contact:**
                                                       Terri Carrillo
                                                       Employee ID Number: 78-00022
Date:  July 25, 2005               Tel:  (559) 452-3224
                                                       Fax:  (559) 452-3266
                                                      **Refer Reply to:**
                                                       AP:FRS:CO:TC
Jimmy Sharbutt                                        **In Re:**
Reg. # 09112-062                                       Freedom of Information Act Appeal
Federal Correctional Complex (medium)
PO Box 3000
Forrest City, AK  72336

Dear Mr. Sharbutt

We are in receipt of your letter, dated June 16, 2005, which purports to administratively appeal
under the Freedom of Information Act (FOIA), 5 U.S.C. Section 552, the April 19, 2005
response from the Oklahoma disclosure office.

Your purported appeal was not received by the Service within the 35 day mandatory period for
filing an FOIA appeal, and, is therefore untimely. 26 C.F.R. Section §601.702(c)(10)(i).  An
administrative appeal under the FOIA must be filed within the time limits set forth in an agency's
regulations.  See Oglesby v. Department of the Army, 920 F.2d 57 (D.C. Cir. 1990).  We are
closing our file on this matter.

Your appeal does not meet the minimum requirements of the Internal Revenue Service
regulations.  Reg. Section 601.702(c)(8)(iii) requires an appeal to "reasonably describe the
records requested to which the appeal pertains. . . ."  Reg. Section 601.702(c)(8)(v) requires an
appeal to "[s]pecify the date of the request, and the office to which the request was submitted
and, where possible, enclose a copy of the initial request and the initial determination being
appealed. . . ."

Because of these shortfalls, we have no means by which to identify your request.  Since your
appeal failed to meet the minimum requirements of the regulations, you have not exhausted your
administrative remedies.  Because there is no jurisdiction for an administrative appeal under
these circumstances, we are closing our file in regard to this matter.  If you have any questions,
please contact Appeals Officer Terri Carrillo at (559) 458-3224.

                                   Sincerely,

                                   *Marge Field*

                                   Marge Field
                                   Appeals Team Manager