# Declaration of Averill P. Graham

**Bureau of Alcohol, Tobacco, Firearms and Explosives**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jimmy Lee Sharbutt, Jr. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  05-2396-JGP |
| | ) | |
| Bureau of Alcohol, Tobacco, Firearms and Explosives, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

DECLARATION OF AVERILL P. GRAHAM,
CHIEF, DISCLOSURE DIVISION,
BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

I, Averill P. Graham, do hereby depose and say:

1.    I am the Chief, Disclosure Division, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Department of Justice (DOJ).  In this capacity, I receive all requests made of ATF under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974 (PA), 5 U.S.C. § 552a.   In this capacity, I also review all requests referred to ATF from other agencies that have located ATF-originated documents in their records while processing their FOIA and PA requests.  I am responsible for processing all FOIA and PA requests, initiating searches relevant to such requests, supervising the determination of what records should be disclosed, processing all documents referred to ATF and to other agencies, and recording all administrative appeals filed with ATF.

2.    I declare that the statements made in this Declaration are on the basis of knowledge acquired by me in the performance of my official duties.

3.  I am familiar with the procedures followed by this office in responding to the FOIA request made by the Plaintiff.

## Chronology

4.  By letter dated June 28, 2005, the Office of Information and Privacy (OIP) acknowledged receipt of Mr. Sharbutt's FOIA appeal dated June 15, 2005.  OIP further informed Mr. Sharbutt that ATF had no record of ever receiving a FOIA request from him.  Consequently, OIP referred Mr. Sharbutt's June 15, 2005, letter to ATF for processing.  A copy of the June 28, 2005 letter is attached as Exhibit A.

5.  By letter dated July 1, 2005, ATF's Disclosure Division informed Mr. Sharbutt that they would begin processing his FOIA request upon receipt of a Certification of Identity Form.  By same letter the Disclosure Division also explained the FOIA process and potential costs.   A copy of the July 1, 2005, letter is attached as Exhibit B.

6.  On July 25, 2005, ATF's Disclosure Division received from Mr. Sharbutt a FOIA request dated July 16, 2005.  Additionally, Mr. Sharbutt attached a Certification of Identity Form. A copy of the July 16, 2005, letter is attached as Exhibit C.

7.  By letter dated July 26, 2005, the Disclosure Division advised Mr. Sharbutt that his FOIA request was received.   A copy of the July 26, 2005, letter is attached as Exhibit D.

8.  By letter dated August 16, 2005, ATF's Disclosure Division granted Mr. Sharbutt's request in part.  The Disclosure Division redacted and withheld some records pursuant to FOIA Exemptions (b) (2), (b) (3) Public Law 108-447,[1] and (b) (7) (C).  A copy of the August 16, 2005, letter is attached as Exhibit E.

9.  On September 22, 2005, the Office of Information and Privacy (OIP) received from

_____

[1] The document cover sheet provided to Mr. Sharbutt on August 16, 2005, inadvertently cited 26 U.S.C. §6103 as the Exemption (b)(3) statute.

2

Mr. Sharbutt a FOIA Appeal dated September 10, 2005. A copy of the September 10, 2005
FOIA Appeal is attached as Exhibit F.

10. By letter dated September 23, 2005, the Office of Information and Privacy (OIP) advised
Mr. Shabutt that his Administrative Appeal was received. A copy of the September 23, 2005
letter is attached as Exhibit G.

**Exemptions**

FOIA EXEMPTION (b) (2)
INTERNAL ADMINISTRATIVE MATTERS

11. Pursuant to Exemption 2, the Disclosure Division withheld:

> ➤ Internal administrative codes used in a state prison database

> ➤ Internal administrative codes used in Federal and state criminal law enforcement
> databases

> ➤ Internal administrative codes and file numbers used in ATF files including, case
> summaries, reports of investigation, crime gun referral forms

12. Exemption (b) (2) of the FOIA protects from disclosure material "related solely to the
internal personnel rules and practices of an agency," including predominantly internal matters
the disclosure of which would risk circumvention of agency regulations or statutes.

13. The redacted information in the records that were provided to Mr. Sharbutt consists of file
numbers and other internal administrative codes. This information is for either administrative
and/or law enforcement purposes only and is of no legitimate interest to the public. The
disclosure of this material is either so trivial it does not warrant release or would risk the
circumvention of law enforcement and investigatory efforts.

14. Among other things, Exemption (b) (2) is being invoked for information contained in the
Treasury Enforcement Communications System (TECS), a law enforcement database used by
ATF to conduct criminal history checks. The data displayed on screen prints of TECS records is
redacted for the following reasons. Information displayed identifies the terminal from which a

3

query was accomplished by a terminal ID and a logical unit ID to show its mainframe connection. The remaining data relates to the software application that identifies how the displayed record was retrieved, specifically, the software program mapping code; the routing codes within the program that allows the query to move from screen to screen, and; the codes that allow movement to other programs from the displayed screen. These are pieces of sensitive information that if in the hands of computer literate individuals with mainframe knowledge could provide information on the structure of the mainframe system used, exposing the system to possible circumvention. Further, disclosure could facilitate unauthorized access to ATF's database and interfere with investigations and law enforcement.

15. The documents released to Mr. Sharbutt also include computer codes from other Federal law enforcement computer databases (e.g. NCIC, NLETS) and law enforcement computer databases maintained by the State of Oklahoma. The principles described in above paragraph regarding ATF's TECS Database apply equally to these databases.

<u>FOIA EXEMPTION (b)(3) THRESHOLD</u>

16. Exemption (b)(3) of the FOIA permits the withholding of information prohibited from disclosure by another statute only if one of two disjunctive requirements are met: the statute either (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, <u>or</u> (B) establishes particular criteria for withholding <u>or</u> refers to particular types of matters to be withheld. A statute thus falls within the exemption's coverage if it satisfies any one of its disjunctive requirements. Some responsive information to Mr. Sharbutt's FOIA request contained material subject to Public Law108-447, which squarely fall within Subpart (A) of FOIA Exemption (b)(3).

FOIA EXEMPTION (b)(3)
<u>DISCLOSURE PROHIBITED BY STATUTE</u>

17. The Disclosure Division withheld the following documents pursuant to Exemption 3,

4

Consolidated Appropriations Act of 2005, Pub. L. No. 108-447, 118 Stat. 2809.

➢ Firearm Trace Reports

Exemption (b)(3),
108-447, (118 Stat. 2809)

18. Public Law 108-447 (118 Stat. 2809) reads in pertinent part:

"That no funds appropriated under this or any other Act with respect to any fiscal
year may be used to disclose part or all of the contents of the Firearms Trace
System database maintained by the National Trace Center of the Bureau of
Alcohol, Tobacco, Firearms, and Explosives or any information required to be
kept by licensees pursuant to section 923(g) of title 18, United States Code, or
required to be reported pursuant to paragraphs (3) and (7) of such section 923(g),
to anyone other than a Federal, State, or local law enforcement agency or a
prosecutor solely in connection with and for use in a bona fide criminal
investigation or prosecution and then only such information as pertains to the
geographic jurisdiction of the law enforcement agency requesting the disclosure
and not for use in any civil action or proceeding other than an action or
proceeding commenced by the Bureau of Alcohol, Tobacco, Firearms, and
Explosives, or a review of such an action or proceeding, to enforce the provisions
of chapter 44 of such title, and all such data shall be immune from legal process
and shall not be subject to subpoena or other discovery in any civil action in a
State or Federal court or in any administrative proceeding other than a proceeding
commenced by the Bureau of Alcohol, Tobacco, Firearms, and Explosives to
enforce the provisions of that chapter, or a review of such an action or
proceeding;"

19. The two pages withheld-in-full pursuant to Exemption (b)(3) are firearms Trace Reports

wholly derived from the contents of the Firearms Trace System Database referenced in Public

Law 108-447. Trace Reports are based and derived from information required to be kept by a

Federal Firearms Licensee (FFL) pursuant to 18 U.S.C. § 923(g). As such, and through the

language of P.L.108-447, Congress has expressly prohibited ATF from releasing such documents

to the public and made them ultimately immune from legal process.[2]

FOIA EXEMPTION 7 THRESHOLD

20. ATF is a criminal and regulatory enforcement agency within the Department of Justice

_____

[2] Congress further restricted access to trace data in the 2006 Appropriation Act. P.L. 109-108, (119 Stat. 2290)
(11/22/2005).

5

and is responsible for, among other things, enforcing Federal firearms laws including the Gun

Control Act of 1968, 18 U.S.C. §§ 921-930, the Federal explosives laws, 18 U.S.C. Chapter 40,

and the National Firearms Act, 26 U.S.C. Chapter 53.  See. 68 Fed. Reg. 4923 (2003).

FOIA EXEMPTION (b) (7) (C)
UNWARRANTED INVASION OF PERSONAL PRIVACY

21.   Pursuant to Exemption (b) (7) (C) the Disclosure Divisions withheld:

➢ the names of Federal and state law enforcement support staff employees as well as
   information by which those individuals could be identified

➢ the names of Federal and state law enforcement agents as well as information by
   which those individuals could be identified

➢ the name of third party individuals referenced in connection with the investigation
   either as witnesses or leads, as well as information by which those individuals could
   be identified

➢ the name of third party individuals referenced in the investigation who have no
   connection whatsoever to the investigation, as well as information by which those
   individuals could be identified

22.   FOIA Exemption (b) (7) (C) protects records or information compiled for law

enforcement purposes, production of which could reasonably be expected to constitute an

unwarranted invasion of personal privacy.  5 U.S.C. § 552(b) (7) (C).

23.   Exemption (b)(7)(C) requires a balancing of the individual's right to personal privacy

against the public's interest in shedding light on an agency's performance of its statutory duties.

The requester's identity, purpose in making the request, and proposed use of the requested

information have no bearing on this balancing test.

24.   The individuals whose identities have been protected, as set forth above, are not the

requester. Furthermore, Mr. Sharbutt presented no waivers that would permit release of any

third-party individuals' information.

25. The individuals' names and identifying information were compiled in connection with an investigation into violations of various crimes including possession of a firearm by a felon and possession of a controlled substance and, as such, meet Exemption 7's threshold requirement of "records or information compiled for law enforcement purposes."

26. Revealing this information is unlikely to add to the public's understanding of how an agency works or how well it performs its duties. On balance, the Disclosure Division determined that the substantial privacy interest, which is protected by withholding this information, outweighs any minimal public interest that would be served by its release. Such a release would be "clearly unwarranted" as required by 5 U.S.C. § 552(b) (6). Since this is the higher of the two standards of invasion of privacy, the release of this information also would be "unwarranted" as required by 5 U.S.C. § 552(b) 7) (C).

27. Exemption (b)(7)(C) of the FOIA protects from disclosure records or information compiled for law enforcement purposes to the extent that the disclosure of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of privacy. 5 U.S.C. § 552(b) (7) (C).

28. ATF withheld the names, addresses, phone numbers, titles and other identifying information related to third party individuals and witnesses interviewed by ATF during the course of the investigation, law enforcement officers, and other private individuals merely mentioned in ATF's files.

29. The third parties referenced in plaintiff's files are described in sufficient detail to allow for the identification of those third parties by persons familiar with the circumstances and facts of ATF's investigation of plaintiff. ATF determined that third parties could reasonably be expected to be embarrassed and humiliated by being associated with this investigation. Further,

ATF determined that the witnesses referenced in plaintiff's files has the very real potential to endanger such witnesses or cause harassment and harm to the witness' lives and reputations. Mr. Sharbutt has a well-documented history of harassment and witness intimidation that include threatening families of law enforcement personnel. In addition, disclosure may well discourage future witnesses from cooperating with ATF. After balancing the interests at stake, ATF determined that the types of personal information contained within its files must be withheld because disclosure of the information could reasonably be expected to cause the third parties referenced in its files and third party witnesses embarrassment, harassment, and harm, and would do little, if anything at all, to aid the public's understanding of the ATF.

30. ATF also invoked Exemption 7(C) to protect the names and identifying information of third parties who were investigated by ATF. ATF determined that the disclosure of this information could reasonably be expected to constitute an unwarranted invasion of these third parties' privacy, because being associated with ATF's criminal investigation into plaintiff's unlawful actions carries a stigmatizing and negative connotation. Thus, ATF determined that the third parties possess a substantial privacy interest in not having this information disclosed. After the ATF identified the substantial privacy interests at stake, ATF balanced those interests against any public interest in the disclosure. ATF determined that because the disclosure of the names and identities of these third parties would not shed any light on ATF's activities, it could not identify any discernible public interest in the disclosure.

31. ATF asserted exemption (b) (7) (C) to protect the identities of ATF special agents and other law enforcement personnel such as supervisory and technical personnel who were involved in law enforcement operations. The identities of ATF special agents and other law enforcement personnel that appear in law enforcement records are protected since disclosure might seriously

prejudice their effectiveness in conducting investigations to which they are assigned or subject them to unwarranted harassment.

32. In determining whether to identify ATF Special Agents and other law enforcement personnel, ATF balanced the interest in disclosure against the individuals' privacy interest. Plaintiff did not assert any discernible public interest in this particular type of information. ATF determined that the privacy interests of law enforcement personnel substantially outweigh any public interest, and that the names of law enforcement personnel would not be disclosed. The fact that the Plaintiff may know, or be able to independently determine the identities of some agents or other law enforcement personnel whose names have been withheld does not diminish the exemption's protection of these individuals. Consequently, the deleted information is exempt under Exemption (b) (7) (C).

## **ADEQUACY OF SEARCH**

33. Upon receipt of Mr. Sharbutt's FOIA request, the Disclosure Division executed an independent and thorough search for all responsive material. The first step in conducting such a search was a query of the Treasury Enforcement Communications System (TECS).[3] TECS is a text-based data, owned and maintained by the Bureau of Customs and Border Protection, U.S. Department of Homeland Security, and contains information that may be of interest to law enforcement agencies. TECS is a computerized information system designed to identify individuals and businesses suspected of or involved in violation of Federal law. TECS is also a communications system permitting message transmittal between Federal law enforcement offices and other international, state, and local law enforcement agencies. TECS provides access to the FBI's National Crime Information Center (NCIC) and the National Law Enforcement

---

[3] TECS database is utilized by ATF to locate records within our Criminal Investigation Report System of Records. See 68 Fed. Reg. 3553

Telecommunication Systems (NLETS) with the capability of communicating directly with state and local enforcement agencies. TECS is also a comprehensive ATF law enforcement database that contains ATF investigative records. ATF records located within TECS include: wanted persons and fugitives; known and suspected violators of laws falling within the jurisdiction of ATF; felons and dishonorably discharged veterans who have requested relief to own firearms and/or explosives under the Gun Control Act of system contains seven record subsections: People, Businesses, Aircraft, Firearms, Vehicles, Vessels, and Things. Bureau wide, ATF performs an average of 130, 000 queries per month against records in the following subsections: People Business, Firearms, and Vehicles. These queries reveal ATF Investigation numbers that correspond to a specific field division where any files would be located. Accordingly, because the TECS database contains the names of the individuals ATF has investigated; it was the place most likely to locate responsive records.

34. In the case at hand, the Disclosure Division made a query of TECS utilizing Mr. Sharbutt's personal information including his name and date of birth. As a result of this search ATF located a responsive file, Criminal Investigatory file 781065-03-0046. This file was associated with ATF's Dallas Field Division and accordingly the file was requested by the Disclosure Division for processing.

35. As such, and for the reasons as described above, ATF has conducted a search of all locations likely to contain responsive documents using methods reasonably expected to uncover all relevant documents.

## **SEGREGABILITY**

36.   My staff reviewed each page of the material identified as responsive to ensure that

no additional information could be released.  The *Vaughn* index attached hereto describes in

detail each document and all meaningful information contained therein.  All releasable

information has been provided to Plaintiff.


I declare under penalty of perjury that the foregoing is true and correct.  Executed this

*16* day of February, 2006.


Averill P. Graham
Chief, Disclosure Division

11




**U.S. Department of Justice**

Office of Information and Privacy

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

JUN 2 8 2005

Mr. Jimmy Sharbutt
Register No. 09112-062
Federal Correctional Complex - Medium
P.O. Box 3000
Forrest City, AR  72335

Dear Mr. Sharbutt:

   This responds to your letter dated June 15, 2005, in which you sought to appeal from the failure of the Bureau of Alcohol, Tobacco, Firearms and Explosives to respond to your request for access to records under the Freedom of Information Act.

   A member of my staff has been advised by the ATF that it has no record of receiving a request from you. Accordingly, by copy of this letter, we are referring your letter to the ATF for processing and direct response to you.

                              Sincerely,


                              Priscilla Jones
                              Chief, Administrative Staff


PAJ:CIH

cc:    Bureau of Alcohol, Tobacco, Firearms and Explosives
       Averill Graham, Chief, Disclosure Division
       8th Floor
       650 Massachusetts Avenue NW.
       Washington, DC  20226


**EXHIBIT A**

6/23/05   By Copy   PA/O/ATE

## FOIA APPEAL

To:   Co-Director                                    June 15, 2005

Office of Information & Privacy                Date: _____

Department of Justice

RE: FOIA to _____  BATF&E

FLAG BUILDING, Suite 570

Washington, D. C.   20530          Request No.   4/19/05

no request # listed

Dear Sir:

This is an appeal under the Freedom of Information Act.

Please consider reviewing the action or inaction of the agency:

Bureau of Alcohol, Tobacco, Firearms and Explosives _____ in connection to my request for records.

(check appropriate box or boxes below)

__X__   The agency has not responded and the time limits within which to do so has expired.

_____   The agency has claimed that no records could be found and I want to appeal that "no records" response.

_____   The agency has blanket denied release of all records.

_____   The agency has released certain records and withheld some by claiming certain exemptions.

_____   The agency has withheld certain records but has not claimed any exemptions or stated any reason for the deletions.

_____   I believe the agency action or inaction otherwise unjust for the following reason:

_____

_____

Appellant believes the agency has acted arbitrary and/or capricious and asks for review of the action/inaction.

The burden is on the agency to show the material withheld fits within the parameters of the exemptions claimed.  Appellant asks that the agency itemize and index the withheld material and include detailed affidavits & explanations in support to justify any withholdings.

                                        Sincerely,        EXHIBIT B

cc: file

                              X  Jimmy Shadlutt   09112-062
                                 Jimmy Shadlutt 09112-062
                                 Box 3000, Forrest City, AR 72336

U. S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

## Correspondence Approval and Clearance

JUL  1 2005

*IDA*
*0 Dods*
*Code 6 2*

REFER TO:  05-1290:JMP
100060

Mr. Jimmy Lee Sharbutt
Reg. No. 09112-062
Federal Correctional Complex - Medium
Post Office Box 3000
Forrest City, Arkansas  72335

Dear Mr. Sharbutt:

This is in response to your Freedom of Information Act (FOIA) request for access to information
that maybe maintained by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)
regarding you.

Before we can take any action on your request; you must provide proof of identity (to include
your date of birth and social security number) either your notarized signature or you may do a
self-certification.

Your request will be processed under the provisions of the FOIA.  You are entitled to two hours
search time and 100 pages free of charge.  Do be advised that according to the Department of
Justice FOIA regulations, you will be advised of anticipated fees over $25.00.  However, you
will be required to pay fees that are accrued up to the $25.00 without further notice.

We await your response.  Should you have any questions, do not hesitate to write again.

Sincerely yours,

## Jessie M. Price

## (Signed)

Jessie M. Price
Disclosure Specialist

| Code | Initiator | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer |
|---|---|---|---|---|---|---|---|
|  | 100060 | 100060 |  |  |  |  |  |
| Surname | *8hy* | *MP* |  |  |  |  |  |
| Date | *6/1/05* | *7/1/05* |  |  |  |  |  |

ATF Form 9310. 3A
Revised May 1 2004

*U.S. GPO: 2004—304-380/82603

To: Jesse M. Price

Date: 22-Aug-05
05-July 16, 2005

Disclosure Specialist

Bureau of Alcohol, Tobacco, Firearms & Explosives

JP

Department of Justice
Washington, D.C.  20226

Dear Sir:

This is a request under the Freedom of Information Act.

I request a copy of any and all documents, records and information that any part of your agency has or had in its possession that is in any way connected to, related to, or even remotely in reference to my name.

The following particulars may assist you in your search:
RE:  05-1290:JMP.---- 100060

I will pay reasonable search and reproduction fees.

My biographical data is as follows:

FULL NAME ___JIMMY LEE SHARBUTT, JR___

DATE OF BIRTH : ___June 12, 1961___

PLACE OF BIRTH : ___Miami, Oklahoma USA___

SOCIAL SECURITY NUMBER: ___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___

I declare under penalty of perjury that the aforementioned biograph-ical data is that of my person and the signature below is my true and correct original signature signed under oath.

Executed this __16th__ day of ___July___, __2005__.

By X _Jimmy Lee Sharbutt_
Affiant Herein

(28 USC Section 1746)

Name: ___Jimmy Lee Sharbutt___

Reg. No. ___09112-062___
Federal Correctional Complex
Box 3000 (MEDIUM)
Forrest City, Arkansas 72336

**EXHIBIT C**

**U. S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

# Correspondence Approval and Clearance

JUL 2 6 2005

100060-JMP

Mr. Jimmy L. Sharbutt
Reg. No. #09112-062
Federal Correctional Complex (Medium)
P.O. Box 3000
Forrest City, AK  72336

Dear Mr. Sharbutt:

This is to acknowledge your Freedom of Information Act (FOIA) request to the Bureau
of Alcohol, Tobacco, Firearms and Explosives (ATF).

Your request was received on July 25, 2005, and has been assigned number 05-1382; a
response will be mailed to you within 20 (twenty) business days from the date of receipt.

Sincerely yours,

April Sands
Disclosure Assistant

**EXHIBIT D**

| Code | Initiator | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer |
|---|---|---|---|---|---|---|---|
| Surname | | | | | | | |
| Date | | | | | | | |

ATF Form 9310. 3A
Revised May 1 2004

**U. S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

## Correspondence Approval and Clearance

AUG 1 6 2005

*16 Days*
*131 DoCs*
*Code 20*

REFER TO:  05-1382:JMP
100060

Mr. Jimmy Lee Sharbutt, Jr.
Reg. No. 09112-062
Federal Correctional Complex (Medium)
Post Office Box 3000
Forrest City, Arkansas  72336

Dear Mr. Sharbutt:

This is our final response to your Freedom of Information Act (FOIA) request for access to information you believe is maintained by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) regarding yourself.

Your request is granted in part.  We are releasing portions of the records that are exempt and withholding portions for the reasons indicated on the enclosed "Document Cover Sheet".

The cost associated with processing your FOIA request did not meet the minimum; there is no charge at this time.

Insofar as your request has been partially denied by deletions, you have the right to file an Administrative Appeal by following the procedures outlined in Part III of the enclosed form.

Sincerely yours,

# Jessie M. Price

(Signed)

Jessie M. Price
Disclosure Specialist

Enclosure

**EXHIBIT E**

| Code | Initiator | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer |
|---|---|---|---|---|---|---|---|
| | 100060 | 100060 | | | | | |
| Surname | | APG | | | | | |
| Date | 8/15/05 | 8/16/05 | | | | | |

ATF Form 9310. 3A
Revised May 1 2004

*U.S. GPO: 2004—304-380/82603

**FOIA APPEAL**

To:    Co-Director                                    Date: September 10, 2005

Office of Information & Privacy

Department of Justice                        RE: FOIA to ATF&E

FLAG BUILDING, Suite 570              Request No. 05-1382:JMP    100060

Washington. D. C. 20530                  Date of Request: 8/16/05

Dear Sir:

This is an appeal under the Freedom of Information Act.
Please review the action or inaction of the following agency:

BATF&E _____ in conjunction to my request for records.
(check appropriate box or boxes below)

_____    The agency has not responded and the time limits within which
         to do so has expired.

_____    The agency has claimed that no records could be found and
         I want to appeal that "no records" response.
         The agency has blanket denied release of records.

__X__    The agency has released certain records and withheld some
         by claiming certain exemptions.

_____    The agency has withheld certain records but has not claimed
         any exemptions or stated any reason for the deletions.

_____    The agency has claimed there are no records available or
         they have been destroyed and I believe they have not made
         a sufficient search.

_____    The agency has stated records were destroyed but has not
         stated where, how, when and for what reason and by whome
         they were destroyed and under what provision of the law.

_____    I believe the agency action or inaction otherwise unjust
         for the following reason :

_____

_____

_____

Appellant believes the agency or public body has acted arbitrary
and/or capricious and he asks for review of the agency action/inaction.
The burden is on the agency or public body to show the material
withheld fits within the parameters of the exemptions claimed.  The
Appellant asks that the agency itemize and index the withheld material
and include detailed affidavits & explanations in support of the
justifications for refusal to disclose.

                                        Sincerely,
                                        X _Jimmy Sharbutt_
                                        (name)  Jimmy Sharbutt
                                        (No.)   09112-062
                                        Federal Correctional Complex
                                        Box 3000 (MEDIUM)
                                        Forrest City, Arkansas 72336

**RECEIVED**

SEP 2 2 2005

Office of Information and Privacy

cc: file                                                    EXHIBIT F

NOTICE:  Failure to respond to this administrative appeal in a
         timely manner will result in civil action suit.



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

SEP 23 2005

Mr. Jimmy Sharbutt
Register No. 09112-062
Federal Correctional Complex-Medium
P.O. Box 3000
Forrest City, AR 72336

     Re:  Request No. 05-1382

Dear Mr. Sharbutt:

     This is to advise you that your administrative appeal from the action of the Bureau of Alcohol, Tobacco, Firearms, and Explosives on your request for information from the files of the Department of Justice was received by this Office on September 19, 2005.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **05-2813**.  Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

               Sincerely,

               Priscilla Jones
               Chief, Administrative Staff

**EXHIBIT G**

ATF

rec'd 9-19-05

*PA*
*(A)*
*ATF*

**FOIA APPEAL**

Date: _September 10, 2005_

To: _____Co-Director_____

Office of Information & Privacy

Department of Justice

FLAG BUILDING, Suite 570

Washington, D. C.  20530

RE: FOIA to ___ATF&E___

Request No. _05-1382:JMP___  100060

Date of Request: _8/16/05_

Dear Sir:

  This is an appeal under the Freedom of Information Act.
Please review the action or inaction of the following agency:

BATF&E _____ in conjunction to my request for records.

  (check appropriate box or boxes below)

_____ The agency has not responded and the time limits within which to do so has expired.

_____ The agency has claimed that no records could be found and I want to appeal that "no records" response.

_____ The agency has blanket denied release of records.

(X) The agency has released certain records and withheld some by claiming certain exemptions.

_____ The agency has withheld certain records but has not claimed any exemptions or stated any reason for the deletions.

_____ The agency has claimed there are no records available or they have been destroyed and I believe they have not made a sufficient search.

_____ The agency has stated records were destroyed but has not stated where, how, when and for what reason and by whome they were destroyed and under what provision of the law.

_____ I believe the agency action or inaction otherwise unjust for the following reason :

_____

_____

_____

  Appellant believes the agency or public body has acted arbitrary and/or capricious and he asks for review of the agency action/inaction.
  The burden is on the agency or public body to show the material withheld fits within the parameters of the exemptions claimed.  The Appellant asks that the agency itemize and index the withheld material and include detailed affidavits & explanations in support of the justifications for refusal to disclose.

OFFICE OF INFORMATION
AND PRIVACY

SEP 1 9 2005

**RECEIVED**

Sincerely,

X _____

(name) ___Jimmy Sharbutt___

(No.) ___09112-062___

Federal Correctional Complex

Box 3000 (MEDIUM)

Forrest City, Arkansas 72336

cc: file

NOTICE: Failure to respond to this administrative appeal in a timely manner will result in civil action suit.