# Declaration of William E. Bordley
## United States Marshals Service

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMMY SHARBUTT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV02396 |
| ) | |
| BUREAU OF ALCOHOL, TOBACCO, ) | |
| FIREARMS & EXPLOSIVES, ET AL ) | |
| ) | |
| Defendants. ) | |

## DECLARATION

I, WILLIAM E. BORDLEY, hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

1. I am an Associate General Counsel and Freedom of Information/Privacy Act (FOI/PA) Officer of the United States Marshals Service (USMS), assigned to the Headquarters, Office of General Counsel, Arlington, Virginia. I am experienced with the procedures for responding to requests made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act (PA), 5 U.S.C. § 552a, for information maintained in the records and files of the USMS. The USMS Headquarters Office of General Counsel (OGC) is responsible for processing all FOI/PA requests made to any USMS office located throughout the United States pursuant to USMS policy.

2. Plaintiff submitted a request letter to the USMS Headquarters dated April 19, 2005, received in the Office of General Counsel, May 5, 2005, requesting all documents relating to himself. (See Exhibit A).

3. By letter dated May 13, 2005, the USMS, Office of General Counsel acknowledged receipt of plaintiff's request letter and advised him that the search for responsive documents had commenced, and he would be contacted when the processing of his request was completed. (See Exhibit B).

4. The USMS conducted a search for records on plaintiff, pursuant to his request, in the USMS offices he identified, i.e., the Northern, Western, and Eastern Districts of Oklahoma, and the Eastern District of Arkansas. The USMS searched in all locations that could reasonably be expected to contain the responsive documents, if such records existed within the records and files of the USMS.

5. The initial document search relevant to plaintiff's request, was directed to the USMS FOI/PA Liaisons in the district offices referenced in plaintiff's request. The USMS FOI/PA Liaisons are knowledgeable about the records and files maintained by their particular office and routinely coordinate and/or conduct document searches in their district offices in response to FOIA and PA requests.

6. By letter dated June 30, 2005, plaintiff filed an administrative appeal for the delay in processing his request to the Department of Justice, Office of Information and Privacy (OIP). By letter dated August 1, 2005, OIP closed plaintiff's appeal pending the completion of the processing of plaintiff's request. (See Exhibit C).

7. The USMS completed its search for records pertaining to plaintiff, and by letter dated July 6, 2005, the USMS advised plaintiff that the USMS located no records pertaining to him. (See Exhibit D).

8. Plaintiff filed an administrative appeal of the USMS action on his request by letter dated July 16, 2005. OIP acknowledged receipt of plaintiff's appeal correspondence by letter dated August 10, 2005. (See Exhibit E).

9. Upon notification of the appeal, the OGC FOI/PA Specialist personally telephoned the FOI/PA Liaisons in the Northern, Eastern and Western Districts of Oklahoma, and the Eastern District of Arkansas to verify their "no records" response. FOI/PA Liaisons in the Eastern and Western Districts of Oklahoma, and the Eastern District of Arkansas U.S. Marshals offices confirmed that they located no records on plaintiff after conducting a second search of their records and files.

10. As a result of this second search, the Northern District of Oklahoma U.S. Marshal's office located fifty-five (55) pages of information pertaining to plaintiff that had not been located in the initial search due to an administrative oversight. The records pertaining to plaintiff were located in the Prisoner Processing and Population Management/Prisoner Tracking System (PPM/PTS), JUSTICE /USM-005, and the Warrant Information Network (WIN), JUSTICE/USM-007, systems of records. Records maintained in these systems are compiled for law enforcement purposes in connection with the USMS receipt, processing, transportation and custody of prisoners, the execution of Federal arrest warrants, and the investigation of fugitive matters. See Rule 4, Fed.R.Cr. Procedure, 18 U.S.C. Section 4086, 28 U.S.C. Section 566, and 28 C.F.R. Section 0.111(a),(j),(k),(q). As such, these systems of records were exempt from the

3

access provisions of the Privacy Act pursuant to 5 U.S.C. Section 552a(j)(2). See 28 C.F.R. Section 16.101(a),(q). Therefore, to ensure maximum access, plaintiff's records were processed for disclosure pursuant to FOIA, 5 U.S.C. Section 552.

11. By letter dated September 19, 2005, the USMS informed plaintiff in its response that after conducting a supplemental search of its files, fifty-five (55) pages had been located which were indexed to plaintiff's name. Of the fifty-five (55) pages located which pertained to plaintiff, thirty-three (33) pages were disclosed to plaintiff in their entirety, three pages were referred to the Federal Bureau of Investigation (FBI), four pages were referred to the Executive Office for U.S. Attorneys (EOUSA), and the remaining fifteen (15) pages were disclosed with minimal deletions pursuant to exemption 7(C) of the Freedom of Information Act, 5 U.S.C. Section 552(b)(7)(C). (See Exhibit F).

12. The USMS received the instant judicial complaint on December 28, 2005.

13. Exemption 7(C) allows an agency to withhold records or information compiled for law enforcement purposes to the extent that the production could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. Section 552(b)(7)(C). This exemption was applied to the documents released to plaintiff to withhold the **names and information of federal and non-federal law enforcement officers and other government employees.** Plaintiff presents no public interest to warrant disclosing the names of these individuals, nor does the USMS believe that public disclosure of this information is warranted. Conversely, there is a legitimate public interest in promoting the efficient performance of official duties which is fostered by shielding government employees from unnecessary public attention, harassment, and annoyance or possible danger. Additionally, one who serves as a career public

servant is not thereby stripped of every vestige of personal privacy, even with respect to the discharge of their official duties. Public identification of these law enforcement officers and other government employees could subject them to harassment and unwarranted scrutiny, both in the course of performing their official duties and in their private lives, and could possibly pose a danger to their life or physical safety. Therefore, the public interest weighs in favor of non-disclosure to foster privacy and the efficient performance of official duties regarding the receipt, processing, transportation and custody of prisoners, the execution of Federal arrest warrants, and the investigation of fugitive matters. Absent a legitimate public interest, disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. Section 552(b)(7)(C).

14.     Exemption 7(C) was also applied to withhold **information pertaining to third party individuals, including prisoners other than plaintiff**. In reaching the decision to withhold personally identifiable information from documents released to plaintiff, the USMS considered whether or not there was a legitimate public interest in disclosure which would outweigh the individual's privacy interest in non-disclosure. However, it is not readily apparent how information identifiable to prisoners other than plaintiff and other private individuals would satisfy a legitimate public need for information about the workings of our criminal justice system and the USMS could discern no legitimate public interest in disclosure of this information. Release of this identifying information could expose these individuals to unwarranted public attention, embarrassment, harassment or annoyance for being associated with an official criminal law enforcement matter. Further, he provides no indication as to how disclosure of such information would meet the basic purpose of the FOIA i.e., to shed light on an agency's

performance of its statutory duties, nor can the USMS discern any public interest in disclosure which would outweigh the privacy of these individuals, including the possible danger to their life or physical safety for cooperating in law enforcement activity. Disclosure to plaintiff would be equivalent to disclosure to the public and, as such, would constitute a clearly unwarranted invasion of personal privacy since no legitimate interest would be served by disclosure. 5 U.S.C. Section 552(b)(7)(C).

15. A description of the 15 pages released to plaintiff on September 19, 2005, with excisions made pursuant to 5 U.S.C. Section 552(b)(7)(C) is provided as follows:

16. **Documents Located by the USMS and Disclosed with Information Deleted And Withheld:**

| Document Item | Document Description | No. Of Pages |
|---|---|---|
| Item 1 | Forms USM-41, Prisoner Remand or Order to Deliver and Receipt for United States Prisoners dated May 20, 2002 and October 31, 2003 Removed names of law enforcement personnel and other prisoners | 3 |
| Item 2 | USMS Prisoner Tracking System - FBI Disposition Report dated October 31, 2003 Removed name of government personnel | 1 |
| Item 3 | Memos regarding Designation dated October 10, October 24 and October 29, 2003 Removed names of government personnel | 3 |
| Item 4 | Movement/Transportation Printout dated October 29, 2003 Removed name of government personnel | 1 |
| Item 5 | Undated Handwritten Note Removed name of government personnel | 1 |

| | | |
|---|---|---|
| Item 6 | Form USM-312, Personal History dated May 21, 2002 (page 1)<br>Removed names and information identifiable to third party individuals | 1 |
| Item 7 | Form USM- 552, Prisoner Medical Records Release dated May 20, 2002<br>Removed name of law enforcement personnel | 1 |
| Item 8 | Arrest and Booking Data Sheet dated May 20, 2002 (w/duplicate copy)<br>Removed names and information identifiable to third party individual, and law enforcement personnel | 2 |
| Item 9 | Fax Transmittal Sheet dated May 17, 2002<br>Removed name of law enforcement personnel | 1 |
| Item 10 | Detainer Notice dated May 17, 2002<br>Removed name of law enforcement personnel | 1 |

17. In summary, a total of fifty-five (55) pages of information were located which were indexed to plaintiff's name. Seven (7) pages were referred to originating agencies, i.e., the Federal Bureau of Investigation (FBI) three (3) pages, and the Executive Office for U.S. Attorneys (EOUSA) four (4) pages for disclosure determination and direct response to plaintiff. Of the forty-eight (48) pages released to plaintiff, thirty-three (33) pages were released in their entirety and fifteen (15) pages were released with information redacted and withheld pursuant to exemption 7(C) of the FOIA, 5 U.S.C. Section 552(b)(7)(C).

18. All non-exempt portions of USMS documents pertaining to plaintiff have been segregated and released to him.

I declare under penalty of perjury pursuant to 28 U.S.C. Section 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
WILLIAM E. BORDLEY

Date Executed:    JAN 3 1 2006

A.C.

To: Director                                    Date: April 19, 2005

United States Marshals Service

Department of Justice

Washington, D. C. 20530

Dear Sir:

    This is a request under the Freedom of Information Act.

    I request a copy of any and all documents, records and information that any part of your agency has or had in its possession that is in any way connected to, related to, or even remotely in reference to my name.

    The following particulars may assist you in your search:

Search the Tulsa & Oklahoma City and El Reno, OK districts and Forrest City, AR

    I will pay reasonable search and reproduction fees.

    My biographical data is as follows:

FULL NAME: JIMMY LEE SHARBUTT, JR

DATE OF BIRTH: June 12, 1961

PLACE OF BIRTH: Miami, Oklahoma USA

SOCIAL SECURITY NUMBER: 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

    I declare under penalty of perjury that the aforementioned biographical data is that of my person and the signature below is my true and correct original signature signed under oath.

Executed this 19th day of April, 2005.

By x /s/ Jimmy Lee Sharbutt Jr.
        Affiant Herein

(28 USC Section 1746)

Name: Jimmy Lee Sharbutt

Reg. No. 09112-062





```
```
Written below:

May 13, 2005

Jimmy Lee Sharbutt
Reg. No. 09112-062
Federal Correctional Complex (Med)
POB 3000
Forrest City, AR 72335

    **Re: Freedom of Information/Privacy Act Request**
        **No: 2005USMS8368**

Dear Mr. Sharbutt:

    The United States Marshals Service is in receipt of your request for records maintained by this Bureau. We have commenced a search for documents responsive to your request and will contact you when our processing is complete.

    Although we are unable to determine at this time the amount of fees to be charged to you, if any, the filing of your request constitutes your agreement to pay all applicable fees that may be charged under 28 C.F.R. § 16.11 or § 16.49, up to $25.00. You will be notified as soon as practicable if the estimated or actual fee for satisfying your request exceeds $25.00.

                                              Sincerely,

                                              **ARLETA D. CUNNINGHAM**
                                              **Acting FOI/PA Officer**
                                              **Office of General Counsel**



EXHIBIT B

Rec'd 07-07-05

05-2238

FOIA/
F
USM!

## FOIA APPEAL

To: Co-Director

Office of Information & Privacy

Department of Justice

FLAG BUILDING, Suite 570

Washington, D. C. 20530

Date: June 30, 2005

RE: FOIA to USMS

Request No. 2005USMS8368

OFFICE OF INFORMATION
AND PRIVACY

JUL 0 7 2005

RECEIVED

Dear Sir:

This is an appeal under the Freedom of Information Act.

Please consider reviewing the action or inaction of the agency: ___USMS___ in connection to my request for records.

(check appropriate box or boxes below)

____ The agency has not responded and the time limits within which to do so has expired.

____ The agency has claimed that no records could be found and I want to appeal that "no records" response.

____ The agency has blanket denied release of all records.

____ The agency has released certain records and withheld some by claiming certain exemptions.

____ The agency has withheld certain records but has not claimed any exemptions or stated any reason for the deletions.

__X__ I believe the agency action or inaction otherwise unjust for the following reason:
I appeal the unreasonable delay in processing my request and the violation of the FOIA time limits.

Appellant believes the agency has acted arbitrary and/or capricious and asks for review of the action/inaction.

The burden is on the agency to show the material withheld fits within the parameters of the exemptions claimed. Appellant asks that the agency itemize and index the withheld material and include detailed affidavits & explanations in support to justify any withholdings.

EXHIBIT C

Sincerely,

cc: file

X _____

App  Jimmy Sharbutt  09112-062

Box 3000



**U.S. Department of Justice**

Office of Information and Privacy

---

Telephone: (202) 514-3642          Washington, D.C. 20530

AUG 0 1 2005

Mr. Jimmy Sharbutt
Register No. 09112-062
Federal Correctional Complex
P.O. Box 3000
Forrest City, AR 72336

     Re: Request No. 2005USMS8368

Dear Mr. Sharbutt:

     This responds to your letter dated June 30, 2005, in which you sought to appeal from the failure of the United States Marshals Service to respond to your request for access to records.

     I have notified the USMS of your communication. It is my understanding that the USMS is still processing your request. Although the Act authorizes you to treat the failure of the USMS to act on your request within the specified time limit as a denial thereof, this Office, because it lacks the personnel resources to conduct the record reviews that are necessary to make initial determinations on requests for records, cannot act until there has been an initial determination by the USMS. Our function is limited to the review of those records to which access is in fact denied. You may appeal again to this Office when the USMS completes its action on this particular request if any of the material is denied. We will then open a new appeal and review the USMS's substantive action on your request.

     In the event that the USMS still has not responded to your request at the time you receive this letter, you may, if you choose, treat my letter as a denial of your appeal and bring action in an appropriate federal court. I hope that, in making a decision, you will give sympathetic consideration to the fact that the Department of Justice has many requests pending at this time and is making every possible, reasonable effort to process them.

                                            Sincerely,

                                            Richard L. Huff
                                            Co-Director

RLH:PAJ:CIH


USMS

July 6, 2005

Jimmy Lee Sharbutt Jr.
Reg. No. 09112-062
Federal Correctional Complex (Med)
POB 3000
Forrest City, AR 72335

    Re:    **Freedom of Information/Privacy Act Request**
             **Request No: 2005USMS8368**

Dear Mr. Sharbutt:

    Reference is made to your above-captioned request.

    Pursuant to your request, the Marshals Service conducted a search in the districts you identified in your request letter and failed to locate any records and/or information indexed to your name.

    If you consider my response to be a denial of your request, you may appeal by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Washington, D.C. 20530, within 60 days of your receipt of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia.

    Thank you for your patience while the U.S. Marshals Service processed your request.

                           Sincerely,

                           **WILLIAM E. BORDLEY**
                         **Associate General Counsel/FOIPA Officer**
                         **Office of General Counsel**

FILE COPY                          EXHIBIT D

Rec'd 07-7-05

052464 PA (A) USMS NR

# FOIA APPEAL

To: Co-Director
Office of Information and Privacy
Department of Justice
FLAG BUILDING, Suite 570
Washington, D.C. 20530

Date: July 16, 2005
RE: FOIA to USMS
Request No. 2005USMS8368
Date of Request: 4/19/05

Dear Sir:

This is an appeal under the Freedom of Information Act.
Please review the action or inaction of the following agency:
US Marshals Service in conjunction to my request for records.
(check appropriate box or boxes below)

____ The agency has not responded and the time limits within which to do so has expired.
_X__ The agency has claimed that no records could be found and I want to appeal that "no records" response.
____ The agency has blanket denied release of records.
____ The agency has released certain records and withheld some by claiming certain exemptions.
____ The agency has withheld certain records but has not claimed any exemptions or stated any reason for the deletions.
____ The agency has claimed there are no records available or they have been destroyed and I believe they have not made a sufficient search.
____ The agency has stated records were destroyed but has not stated where, how, when and for what reason and by whome they were destroyed and under what provision of the law.
_X__ I believe the agency action or inaction otherwise unjust for the following reason :
I am in federal prison as a result of federal charges and the Marshals must have the records I seek because they took me back and forth to US Court.

Appellant believes the agency or public body has acted arbitrary and/or capricious and he asks for review of the agency action/inaction.
The burden is on the agency or public body to show the material withheld fits within the parameters of the exemptions claimed. The Appellant asks that the agency itemize and index the withheld material and include detailed affidavits & explanations in support of the justifications for refusal to disclose.

Sincerely,
X (signature) Jimmy Lee Sharbutt
(name) Jimmy Sharbutt     App
(No.) 09112-062
Federal Correctional Complex
Box 3000 (MEDIUM)
Forrest City, Arkansas 72336

OFFICE OF INFORMATION
AND PRIVACY
JUL 27 2005
RECEIVED

cc: file

NOTICE: Failure to respond to this administrative appeal in a timely manner will result in civil action suit.



**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642   Washington, D.C. 20530

AUG 10 2005

Mr. Jimmy L. Sharbutt
Register No. 09112-062
Federal Correctional Complex
P.O. Box 3000
Forrest City, AR 72336

　　Re: Request No. 2005USMS8368

Dear Mr. Sharbutt:

　　This is to advise you that your administrative appeal from the action of the United States Marshals Service on your request for information from the files of the Department of Justice was received by this Office on July 27, 2005.

　　The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **05-2464**. Please mention this number in any future correspondence to this Office regarding this matter.

　　We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

　　　　　　　　　　Sincerely,

　　　　　　　　　　Priscilla Jones
　　　　　　　　　　Chief, Administrative Staff



September 19, 2005

Jimmy Sharbutt
Reg. No. 09112-062
FCC POB 3000
Forrest City, AR 72336

    Re:    **Freedom of Information/Privacy Act Request No. 2005USMS8368; Subject: Self**

Dear Mr. Sharbutt:

    As a result of your appeal to the Office of Information and Privacy, the U.S. Marshals Service is making a supplemental disclosure to you.

    Pursuant to your request, the Marshals Service conducted a supplemental search and located 55 documents indexed to your name. Seven (7) of these documents originated with or contain information which originated with the Federal Bureau of Investigation (3 pages), and the Executive Office for U.S. Attorneys (4 pages). These seven documents have been referred to the respective agencies for consultation and direct response to you pursuant to 28 C.F.R. Section 16.42(d).

    The remaining 48 documents are being released to you with deletions. However, the names of government personnel, names and information on third party individuals, and other prisoners have been deleted from these documents pursuant to exemption 7(C) of the Freedom of Information Act, 5 U.S.C. Section 552(b). Exemption 7(C) allows this Bureau to withhold records or information compiled for law enforcement purposes to the extent that the disclosure of such records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy. As such, this material is not appropriate for discretionary release.

    Please find the above-mentioned 48 documents enclosed.

FILE COPY      EXHIBIT F

If you are dissatisfied with my action on this request, you may appeal from this partial denial by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530, within 60 days of your receipt of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia.

Sincerely,

WILLIAM E. BORDLEY
Associate General Counsel/FOIPA Officer
Office of General Counsel

Enclosures