# Declaration of Karen Summers
# Federal Bureau of Prisons

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JIMMY SHARBUTT | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Number 05-2396-JGP |
| | ) | |
| FEDERAL BUREAU OF | ) | |
| ALCOHOL, TOBACCO AND | ) | |
| FIREARMS, et al., | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## DECLARATION OF KAREN SUMMERS

I, Karen Summers, hereby declare the following to be a true and correct statement of facts:

1.    I am a Paralegal Specialist for the Federal Bureau of Prisons (BOP) of the United States Department of Justice as a Paralegal Specialist at the South Central Regional Office in Dallas, Texas.  I have held this position since 1995.

2.    Pursuant to my official responsibilities involving review and research of inmate civil legal matters, I have access to records maintained in the ordinary course of business by the Federal Bureau of Prisons, including, but not limited to, an inmate's medical and central file, investigative records, and the BOP's SENTRY computer database.  In furtherance of my responsibilities, I am familiar with the policies and procedures

1

for processing requests submitted under the Freedom of Information and Privacy Acts (FOIA/PA).

3.    Prior to executing this declaration, I reviewed the relevant BOP records, of plaintiff, federal inmate Jimmy Sharbutt Reg. No. 09112-062, who is currently incarcerated at the Federal Correctional Complex (FCC), Medium security institution in Forrest City, Arkansas.  FCC Forrest City is located within the BOP's South Central Region (28 C.F.R. § 503.6).  At all times relevant to plaintiff's civil action, he was incarcerated at FCC Forrest City.

## CHRONOLOGY FOIA REQUEST NO. 2005-05147

4.    On or about May 12, 2005, plaintiff's FOIA request dated April 19, 2005, was received by the BOP's FOIA/PA Section in Washington, D.C.  The request (2005-05147) was forwarded to the BOP's South Central Regional Office (SCRO) for response. Plaintiff sought copies of documents from the Federal Correctional Institution (FCI) in El Reno, Oklahoma, the Federal Transfer Center (FTC) in Oklahoma City, and FCC Forrest City for "all ISM, SIS, and SIA files", including his FOIA Exempt file. The request was interpreted as a request for all records pertaining to him that were maintained in his Central and Medical Files, SIS records and copies from the FOI Exempt section of his

Cental File at his designated institution, FCC Forrest City.[1]  A
true and correct copy of plaintiff's FOIA Request No. 2005-05147
is provided as Attachment 1.

5.  On May 18, 2005, FCC Forrest City staff were informed
that plaintiff would be directed to request review or copies of
the releasable documents from his Central and Medical Files.
Staff were instructed to forward all FOI Exempt records
maintained in plaintiff's Central File, as well as records
maintained by the SIS/SIA, to the SCRO for review and release
determination.[2]  A true and correct copy of an electronic e-mail
from Larry Collins, FOIA Legal Instruments Examiner (SCRO), dated
May 18, 2005, is provided as Attachment 2.

6.  By letter dated May 19, 2005, plaintiff's request was
accepted and acknowledged as received by the SCRO.  Plaintiff was
informed that the majority of the records created by the BOP at
facilities where he was previously incarcerated, (i.e., FCI El
Reno and FTC Oklahoma City) are routinely forwarded to his unit
team for incorporation into his Central File.  Plaintiff was
further informed that if he was seeking copies of specific
records other than those maintained at his current institution,
he should resubmit a request to the Office of General Counsel in

---

[1] The Bureau of Prisons has implemented procedures by which inmates may
review their files in accordance with both the Privacy Act and the Freedom of
Information Act, as well as Department of Justice and Bureau of Prisons
policy.  See 28 C.F.R., Part 513, Access to Records.

[2] Attachment 1 contains a handwritten note from USP Beaumont staff
indicating no SIA/SIS records were located relevant to plaintiff's request.

3

Washington, D. C. with additional information to identify specific records. Finally, he was advised that he could request a review and/or copies of the releasable records (non "FOI Exempt") from his Central and Medical Files at the local (institution) level. A true and correct copy of the SCRO's acknowledgment letter is provided as Attachment 3.

7. On June 2, 2005, BOP staff provided plaintiff the opportunity to review and/or receive copies of his Central File records. Plaintiff signed a receipt indicating he was provided access to his Central File but did not request any copies. A true and correct copy of plaintiff's signed receipt for his Central File is provided as Attachment 4.

8. On June 3, BOP staff provided plaintiff the opportunity to review and/or receive copies of his medical records. Plaintiff signed a receipt indicating he requested and received 49 copies of his Medical File. A true and correct copy of plaintiff's signed receipt for his Medical File is provided as Attachment 5.

9. By letter dated May 24, 2005, plaintiff was informed twenty two (22) responsive documents maintained in the "FOI Exempt" section of his Central File and/or investigative records were reviewed for release determination. A true and correct copy of the BOP's determination letter dated May 24, 2005, is provided as Attachment 6.

4

10.    A review of the twenty two (22) exempt records revealed two (2) pages were releasable in full; seven (7) pages were released with certain information excised pursuant to Title 5 U.S.C. §§ 552a(b)(2),(7)(C), and/or (b)(7)(F); and thirteen (13) pages were withheld in their entirety. See Attachment 6. These documents, compiled for law enforcement purposes, were either excised in part or withheld in their entirety because they contained information regarding the privacy of third parties or inmates whom staff determined separation concerns existed, and release of the information could jeopardize their safety and/or institution security.

11.    The withheld and excised pages were evaluated for segregability during the course of the administrative process. Where a document was withheld in its entirety, the agency determined that no meaningful portions could reasonably be released without destroying the integrity of such document as a whole.

12.    Specifically, two (2) documents, (Central Inmate Monitoring Classification/Memorandum), were excised in part pursuant to §§ 522(b)(2)High and (b)(7)(F), because they contained information maintained solely for BOP purposes relating to internal law enforcement agency practices and release of the information could endanger the physical safety of other individuals/inmates. Two (2) documents (Central Inmate Monitoring Data) were excised in part pursuant to §§ 522(b)(7)(C)

5

and (b)(7)(F) because it would constitute an unwarranted invasion of the personal privacy of other inmates and could endanger their physical safety. Additionally, three (3) documents (Central Inmate Monitoring Summary, SIS Investigative Report) were excised in part pursuant to §§ 522(b)(2)High, (b)(7)(F) and (b)(7)(C), because they contained information maintained solely for BOP purposes relating to internal law enforcement agency practices and release of the information could endanger the physical safety of other individuals/inmates, as well as constitute an unwarranted invasion of the personal privacy of other inmates. See Attachment 6.

13.    Plaintiff was further informed that a total of thirteen (13) pages were withheld in their entirety (SIS Report regarding other inmates) pursuant to §§ 522(b)(7)(C) and (b)(7)(F) because it would constitute an unwarranted invasion of the personal privacy of other inmates and could endanger their physical safety. See Attachment 6.

14.    Plaintiff was advised that if dissatisfied with the BOP response he could appeal to the Office of Information and Privacy (OIP) within 60 days. See Attachment 6.

15.    By letter dated June 11, 2005, plaintiff appealed the BOP's decision to withhold information by claiming certain exemptions and/or by failing to provide any exemptions for certain records withheld. A true and correct copy of the appeal letter is provided as Attachment 7.

6

16.    By letter dated June 24, 2005, OIP acknowledged plaintiff's appeal and assigned Appeal Number 05-2101.  A true and correct copy of the OIP acknowledgment letter is provided as Attachment 8.

17.    I was informed by OIP staff that adjudication of the Appeal is currently pending.

### ADEQUACY OF THE SEARCH

18.    As previously noted, plaintiff was informed he could seek review and copies of all releasable documents maintained in his Central and Medical Files.   BOP staff were instructed to search plaintiff's files to determine any and all records that were not releasable at the institution level and forward them to the BOP's SCRO for review and release determination.   Plaintiff was provided, in part, a copy of those records either in full or in an excised version pursuant to applicable exemptions under the FOIA/PA Acts.

### JUSTIFICATION FOR NON-DISCLOSURE UNDER THE PRIVACY ACT

19.    The BOP processes all requests by individuals (or entities) for records pertaining to themselves (as in this case) under both the Freedom of Information and the Privacy Acts in order to provide the requester the maximum disclosure authorized by law.[3]

---

[3]   The BOP's system of records is exempt from the Privacy Act of 1974, 5 U.S.C. § 552a by virtue of subsection (j)(2) of The Act.  See 28 C.F.R. § 16.81 (2000).  Thus, plaintiff's access rights are limited to those provided by the FOIA.

20.    Records compiled for law enforcement purposes are exempt from disclosure.  The Attorney General has promulgated rules exempting these records from the Privacy Act's access provisions as authorized by 5 U.S.C.§ 552a(j)(2), which appears at 28 C.F.R. § 16.97.  Subsection (j)(2) exempts from mandatory disclosure records which are maintained by an agency or component thereof, which performs as its principal functions any activities pertaining to the enforcement of criminal laws.

21.    The BOP is a law enforcement agency.  Indeed, the term, "law enforcement officer" is defined as "an employee of the Bureau of Prisons or Federal Prison Industries, Inc." See, e.g., 5 U.S.C. § 8401(17)(D)(i).    Furthermore, BOP employees perform inherently law enforcement functions.  They possess the authority to make arrests, 18 U.S.C. § 3015; seize evidence, 18 U.S.C. § 4012; and execute searches on inmates and visitors to the institution, 28 C.F.R. § 511.10-511.12, 552.10-552.14.    Additionally, the BOP is tasked with the law enforcement mission of protecting inmates, staff, and the community.[4]  As such, the files of federal inmates are essential to BOP staff in carrying out the law enforcement mission of the BOP.

---

[4] 18 U.S.C. § 4042 sets out the BOP's general authority: "The Bureau of Prisons, under the direction of the Attorney General, shall (1) have charge of the management and regulation of all Federal penal and correctional institutions; (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise; (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States."

**JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA
EXEMPTIONS 5 U.S.C.§§ 552(b)(7)(C), (b)(7)(F), and (b)(2)
FOIA Request 2003-09502**

22.    To invoke Exemption (b)(7), the BOP must be able to
demonstrate that records were compiled for law enforcement
purposes.  In this case, the records at issue were compiled for
law enforcement purposes during the course of its performance of
its law enforcement functions of protecting inmates, staff and
the community.   The  records requested by plaintiff are part of
the Inmate Central Records System (JUSTICE/BOP-005).  As
previously stated, the Attorney General, as authorized by 5
U.S.C. § 552a(j)(2), has promulgated rules at 28 C.F.R. § 16.97,
exempting these records from the Privacy Act's access provisions.
Consequently, the file at issue is central to the BOP's charge of
carrying out its law enforcement functions.

23.    Exemption § 522(b)(7)(C) of the FOIA exempts the
mandatory release of records or information compiled for law
enforcement purposes if such release could reasonably be expected
to constitute an unwarranted invasion of personal privacy.  The
information withheld from plaintiff pursuant to Exemption
(b)(7)(C), which was compiled by the BOP as part of its law
enforcement mandate, consists of personal information about third
parties.

24.    A further step in determining whether there would be a
"clearly unwarranted invasion of personal privacy" is to balance
the interests of protecting an individual's privacy and the

9

public's right to information concerning operation or activities of the government.  In this case, release of the FOI Exempt records of third parties maintained in plaintiff central file will in no way shed light on any illegal government activities. The privacy rights of the third parties, in this case inmate separatees of plaintiff, far outweigh any public interest in the release of the records.  In fact, the only interest that would be served by release of the records would be plaintiff's.  The records should legitimately be withheld under Exemption (b)(7)(C), as fully detailed and described in the attached <u>Vaughn</u> Index.

25.    Exemption § 522(b)(7)(F) of the FOIA provides for the withholding of information or records compiled for law enforcement purposes, as the release of which could endanger the life or physical safety of any individual.  After careful consideration of the safety and security concerns of other individuals/inmates, the BOP determined that certain documents should be withheld pursuant to Exemption 7(F), as fully detailed and described in the attached <u>Vaughn</u> Index.

26.    Exemption §552(b)(2) of the FOIA protects from mandatory disclosure those documents which "relate solely to the internal personnel rules and practices of an agency."  Exemption (b)(2) covers two distinct categories of records, depending upon whether the records fall into the "high" (b)(2) category or the "low" (b)(2) category.

27.    Exemption "low" (b)(2) of the FOIA protects from
disclosure internal procedures and practices of an agency, where
disclosure would constitute an administrative burden unjustified
by any genuine and significant public benefit.  Information can
be protected through the use of "low" (b)(2) only if the
information qualifies as a personnel rule or internal practice of
an agency or is sufficiently related to such a rule or practice.
Thus, trivial administrative data, such as file numbers, mail
routing stamps, initials, data processing notations, brief
references to previous communications, and other like
administrative markings are exempt from disclosure.

28.    Exemption "high" (b)(2) of the FOIA protects from
disclosure internal matters of a far more substantial nature
which would risk the circumvention of a statute or agency
regulation.    Information can be protected through the use of
"high" (b)(2) that is implicitly accorded law enforcement
activities pertaining to, for example, guidelines conducting
investigations, procedures for prison security, and vulnerability
assessments.

29.    Pursuant to the BOP's duty to manage Federal
institutions in a manner which provides for the safekeeping of
inmates in their custody, the BOP documents an inmate's Central
Inmate Monitoring (CIM) assignment, meaning that there are other
individuals, who may or may not be committed to the BOP, from
whom an inmate is to be separated from for their mutual

11

protection.    Documentation to support "Separation" or similar
CIM assignments, as determined by BOP, is routinely maintained in
the "FOI Exempt" section of an inmate's central file.    In
addition to identifying a specific threat, or individual from who
an inmate must be separated, these documents also contain other
information which could lead to the identification of a specific
threat, a separated individual, or the location of a separated
individual.    The release of such information could allow an
individual to circumvent the BOP's efforts to minimize those
threats and ultimately increase threats to the personal safety of
individuals as well as the security of BOP institutions.

<strong>CONCLUSION</strong>

30.    Each step in the handling of plaintiff's request has
been entirely consistent with the Bureau of Prisons and the
Department of Justice procedures which were adopted to insure
equitable responses to all persons seeking access to records
under FOIA/PA.

31.    The BOP asserted FOIA exemptions for documents
compiled for law enforcement purposes which are fully detailed in
the Vaughn Index attached to this declaration.    The Index
describes with particularity each document and all meaningful
information contained therein.    Each document, and the pages
contained in each document, was evaluated for segregability
initially during the administrative process, and again during the
preparation of the Index.    Where a document was withheld in its

12

entirety, BOP determined that no meaningful portions could reasonably be released without destroying the integrity of such document as a whole.

I declare under a penalty of perjury that the information provided is true and correct to the best of my information, knowledge, and belief.

Executed this <u>24th</u> day of January, 2006.

Karen Summers
Paralegal Specialist
Bureau of Prisons
South Central Regional Office
Dallas, Texas

13

ATTACHMENT 1

To: Director                                    Date: April 19, 2005

Federal Bureau of Prisons

320 First Street, NW

Washington, D. C. 20534

Dear Sir:

This is a request under the Freedom of Information Act.

I request a copy of any and all documents, records and information that any part of your agency has or had in its possession that is in any way connected to, related to, or even remotely in reference to my name.

The following particulars may assist you in your search: Please search El Reno, OK; Ok City, OK and Forrest City, AR MED and produce all ISM and SIS and SIA files including my FOIA EXEMPT file.

I will pay reasonable search and reproduction fees.

My biographical data is as follows:

FULL NAME    JIMMY LEE SHARBUTT, JR

DATE OF BIRTH :    June 12, 1961

PLACE OF BIRTH :    Miami, Oklahoma USA

SOCIAL SECURITY NUMBER:    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

I declare under penalty of perjury that the aforementioned biographical data is that of my person and the signature below is my true and correct original signature signed under oath.

Executed this 19th day of April, 2005.

By X _Jimmy Lee Sharbutt Jr._
                Affiant Herein

(28 USC Section 1746)

Name:    Jimmy Lee Sharbutt

Reg. No.    09112-062

RECEIVED

MAY 12 2005

FOI/PA SECTION
FEDERAL BUREAU OF PRISON

ATTACHMENT 2

Case 1:05-cv-02386-JGP    Document 23-5    Filed 03/03/2006    Page 18 of 32

**From:**        Larry Collins
**To:**          Patton, Jennifer
**Date:**        5/18/2005 12:07:27 PM
**Subject:**     FOIA Req No 2005-01547 - SHARBUTT, Jimmy #09112-062

Jennifer,

We received a request from inmate Jimmy Sharbutt for a copy of all records pertaining to him including SIS records. His request for all records is interpreted as a request for a copy of documents maintained in his central and medical files. Will will refer him to local staff for a review of the releasable documents in his central and medical files.

However, to respond to his request we will need copies of the documents maintained in the "FOI Exempt" section of his central fle and any SIS records that pertain to him.

Please ensure a copy of the responsive records are forwarded to this office by May 31, 2005.

Thanks,

Larry


**CC:**          JamesYoung, Lisa;  Tran, An

ATTACHMENT 3



**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

*4211 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*

May 19, 2005

Jimmy Lee Sharbutt
Register Number 09112-062
Federal Correctional Institution (Med)
Post Office Box 3000
Forrest City, Arkansas 72336

Re:  Freedom of Information Request Number 2005-05147

Dear Mr. Sharbutt:

This is in response to your recent letter in which you requested
copies of all Federal Bureau of Prisons records that pertain to
you, including all Inmate Systems Management (ISM), Special
Investigative Supervisor/Agent (SIS/SIA), and "FOI Exempt" records.
You also request documents generated at Bureau of Prisons
facilities where you were previously incarcerated.  Your request
for all records is interpreted as a request for copies of records
maintained in your central and medical files.

Please note, the majority of the records created by Bureau of
Prisons staff at facilities where you have previously been
incarcerated would be maintained in your central file, which is
accessible to you where you are currently confined.  Title 28, Code
of Federal Regulation, Section 16.4(b), requires you to  describe
the records that you seek in enough detail to enable staff to
locate them with a reasonable amount of effort.  If you are seeking
copies of specific records other than those maintained at your
current institution, you should resubmit your request, with
additional information to identify the specific records, to the
Bureau of Prisons, Office of General Counsel, 320 First Street, NW,
Washington, D.C. 20534.  The envelope and the request must be
clearly marked "Privacy Act Request."

Bureau of Prisons, Program Statement 1351.05, <u>Release of
Information</u>, states that an inmate who wishes to have copies of
materials in his file should first present his request to local
institution staff.  If, after you review the materials locally, you
wish to acquire additional documents, you may submit a separate
request describing the records sought to the Bureau of Prisons,
Office of General Counsel, 320 First Street, N. W., Washington,

**SENSITIVE - LIMITED OFFICIAL USE**

FOIA Req. No. 2005-05147                    May 19, 2005
Jimmy Sharbutt; Reg. No. 09112-062          Page 2

D.C.  20534.  The envelope and the request must be clearly marked
"Privacy Act Request."

Please note, copies of the documents maintained by the ISM
department are routinely maintained in your central file.  However,
if you wish to review the J&C file maintained by ISM, you should
submit a request to ISM staff in accordance with established
institution procedure.

By copy of this letter, I am informing staff at the institution
that you should be provided an opportunity to review your central
and medical files and be provided copies of all releasable
documents.

Copies of the documents maintained in the "FOI Exempt" section of
your central file and any investigative records maintained at the
Medium Security Federal Correctional Institution (FCI) in Forrest
City, Arkansas, have been requested and will be reviewed and
released as appropriate by this office.

Your request has been placed in chronological order based on the
date of receipt and will be handled as expeditiously as possible
when it is assigned for processing.

Please be advised that in accordance with Title 28, Code of Federal
Regulations, Section 16.3(c), this request constitutes an agreement
by you to pay all applicable fees up to $25.00.  Please do not
forward payment at this time.  You will be advised of the
applicable fees, if any.

Sincerely,

Michael D. Hood
Regional Counsel

lc

cc:  Linda Sanders, Warden
     FCI Forrest City (Medium)

     NOTE:  Please have the appropriate staff provide Mr. Sharbutt
     with an opportunity to review the central and medical files
     pertaining to him and obtain copies of releasable documents.
     Please note a copy of the releasing correspondence should be
     forwarded to this office.

SENSITIVE - LIMITED OFFICIAL USE

ATTACHMENT 4

Due Date ___6 - 6 - 05___

Request Number  _2005 - 05147_

I have reviewed my Central File

Signature _____, Reg. No. _09112 - 062_ Date _6-2-05_

Staff _____, CSU, Date _6-2-05_

Inmate Refused to sign (Yes ) _____

Number of copies provided ___Ø___


**************************************************
I have reviewed my Medical File

Signature _____ Reg. No _09112 - 062_ Date _6, 02, 05_

Staff _____, Date _____

Inmate Refused to sign (Yes) _____

Number of copies provided

ATTACHMENT 5

Due Date 6/3/05

Request Number _____

I have reviewed my Central File

Signature_____, Reg. No._____   Date_____

Staff _____, Date_____

Inmate Refused to sign (Yes )_____

Number of copies provided _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I have reviewed my Medical File

Signature _____ Reg. No. 09112-062   Date 6, 03, 05

Staff _A. Cook_____, Date 6/3/05

Inmate Refused to sign (Yes)_____

Number of copies provided

49

ATTACHMENT 6



**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

---

*4211 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*

May 24, 2005

Jimmy Lee Sharbutt
Register Number 09112-062
Federal Correctional Institution (Med)
Post Office Box 3000
Forrest City, Arkansas 72336

Re:  Freedom of Information Request Number 2005-05147

Dear Mr. Sharbutt:

This is in response to your recent letter in which you requested
copies of Federal Bureau of Prisons records that pertain to you.
Your request was interpreted as a request for copies of documents
maintained in your central and medical files and any
investigative records generated at the medium security level
Federal Correctional Institution (FCI) in Forrest City, Arkansas.

The initial response to your request, dated May 19, 2005,
instructed you to conduct a local review of the releasable
documents maintained in your central and medical files.  This
response will provide you the releasable documents, or portions
of documents, maintained in the "FOI Exempt" section of your
central file and any investigative records located in response to
your request.

A thorough investigation was conducted and a total of twenty-two
(22) pages were located in response to your request.  These
documents have been reviewed and two (2) pages are being released
in their entirety, seven (7) pages are being released with
certain information excised, and the remaining thirteen (13)
pages are being withheld.  The aforementioned withholding of
information is pursuant to:

    Title 5, United States Code, Section 552(b)(2), because the
    information is related solely to the internal personnel
    rules and practices of an agency.

**SENSITIVE - LIMITED OFFICIAL USE**

FOIA Req. No. 2005-01547                    May 24, 2005
Jimmy Lee Sharbutt; Reg. No. 09112-062      Page 2

    Title 5, United States Code Section 552(b)(7)(C), because
release of the information which is compiled for law
enforcement purposes would constitute an unwarranted
invasion of the personal privacy of individuals.

    Title 5, United States Code, Sections 552(b)(7)(F), because
release of the information which is compiled for law
enforcement purposes could endanger the physical safety of
individuals.

Pursuant to Title 28, Code of Federal Regulations, Section 16.9,
this action may be appealed to the Attorney General within sixty
(60) days of the date of this letter by writing to the Office of
Information and Privacy, Department of Justice, Flag Building,
Suite 570, Washington, DC 20530.  Please ensure that the envelope
and request are clearly marked "FOI Request Appeal."

Sincerely,

Michael D. Hood
Regional Counsel

Enclosure: 9 pages

lc

**SENSITIVE - LIMITED OFFICIAL USE**

ATTACHMENT 7

6/21/05                    05-2101        PA
**FOIA APPEAL**                           (A)
                                          BOP

To: __Co-Director_____    Date: __June 11, 2005__

__Office of Information & Privacy__

__Department of Justice_____      RE: FOIA to __BOP__

__FLAG BUILDING, Suite 570__           Request No. __2005-05147__

__Washington, D. C. 20530__

Dear Sir:

This is an appeal under the Freedom of Information Act.

Please consider reviewing the action or inaction of the agency:
__BoP_____ in connection to my request for records.
(check appropriate box or boxes below)

_____  The agency has not responded and the time limits within which
         to do so has expired.

_____  The agency has claimed that no records could be found and I
         want to appeal that "no records" response.

_____  The agency has blanket denied release of all records.

__X___   The agency has released certain records and withheld some
         by claiming certain exemptions.

__X___   The agency has withheld certain records but has not claimed
         any exemptions or stated any reason for the deletions.

_____  I believe the agency action or inaction otherwise unjust for
         the following reason:

         _____
         _____

Appellant believes the agency has acted arbitrary and/or capricious
and asks for review of the action/inaction.

The burden is on the agency to show the material withheld fits
within the parameters of the exemptions claimed. Appellant asks that
the agency itemize and index the withheld material and include detailed
affidavits & explanations in support to justify any withholdings.

                              Sincerely,

**RECEIVED**         X _Jimmy Shadbutt_ 09112-062

JUN 2 1 2005          Jimmy Shadbutt No. 09112-062
                      Box 3000, Forrest City, AR 72336
cc: file

Office of Information and Privacy

ATTACHMENT 8





SCR

**U.S. Department of Justice**

Office of Information and Privacy

Telephone: *(202) 514-3642*                    *Washington, D.C. 20530*

**JUN 2 4 2005**

RECEIVED

JUN 2 8 2005

FEDER...

Mr. Jimmy Sharbutt
Register No. 09112-062
Federal Correctional Complex
P.O. Box 3000
Forrest City, AR 72335

Re:  Request No. 2005-05147

Dear Mr. Sharbutt:

This is to advise you that your administrative appeal from the action of the Federal Bureau of Prisons on your request for information from the files of the Department of Justice was received by this Office on June 21, 2005.

The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **05-2101**.  Please mention this number in any future correspondence to this Office regarding this matter.

We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

Sincerely,

Priscilla Jones
Chief, Administrative Staff

BOP