# Declaration of David M. Hardy
## Federal Bureau of Investigation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMMY LEE SHARBUTT, )<br><br>Plaintiff, )<br><br>v. )<br><br>BUREAU OF ALCOHOL, TOBACCO, )<br>FIREARMS AND EXPLOSIVES, et al., )<br><br>Defendants. ) | Civil Action No. 05-CV-2396 |

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section

("RIDS"), Records Management Division ("RMD"), at the Federal Bureau of Investigation

Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002.

Prior to joining the FBI, from May 1, 2001 to July 21, 2002, I was the Assistant Judge Advocate

General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of

Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From

October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and

routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law

in the state of Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 242

employees who staff a total of ten (10) Units and a field operational service center, whose

collective mission is to effectively plan, develop, direct and manage responses to requests for

access to FBI records and information pursuant to FOIA, Privacy Act, Executive Order 12958, as

amended, Presidential, Attorney General, and FBI policies and procedures, judicial decisions,

and other Presidential and Congressional directives. The statements contained in this declaration

are based upon my knowledge, upon information provided to me in my official capacity, and

upon conclusions and determinations reached and made in accordance therewith.

(3)    Due to the nature of my official duties, I am familiar with the procedures followed

by the FBI in responding to requests for information from its files pursuant to the provisions of

the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am

aware of the treatment which has been afforded plaintiff's request to FBIHQ and to the FBI

Oklahoma City Field Office ("OCFO") seeking access to all FBI records concerning himself.

Additionally, I am aware of the treatment which has been afforded the three pages of material

referred here from the United States Marshals Service ("USMS") in response to plaintiff's

request to that DOJ component.

(4)    In accordance with Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), this

declaration, which is being submitted in support of the FBI's motion for summary judgment, will

provide the Court and plaintiff with an explanation for the procedures used to search for records

responsive to plaintiff's request, and provide justifications for the withholding of information

from these records pursuant to Privacy Act Exemption (j)(2), 5 U.S.C. § 552(a), and FOIA

Exemptions 6, and 7(C), 5 U.S.C. § 552.

## CORRESPONDENCE PERTAINING TO PLAINTIFFS' FOIPA REQUEST

(5)    Set forth below is a chronology and description of the pertinent correspondence

concerning plaintiff's two FOIPA requests to the FBI and the USMS referral to the FBI. Copies

2

of this correspondence are attached hereto as Exhibits A-N.

## FBIHQ REQUEST

(6)    By letter dated April 19, 2005, plaintiff submitted a request to FBIHQ requesting

any and all documents, records and information maintained by the FBI concerning himself.

Plaintiff also expressed his willingness to pay reasonable search and reproduction fees. **(See**

**Exhibit A.)**

(7)    By letter dated May 19, 2005, FBIHQ notified plaintiff that based upon the

information furnished, a search of the automated indices to its central records system files located

no records at FBIHQ responsive to his FOIA request.  Plaintiff was also advised that the

automated indices is an index to all records created since January 1, 1958, in security, applicant

and administrative matters, as well as to all records created since January 1, 1973, in criminal

matters.  Additionally, plaintiff was advised that if he had reason to believe records responsive to

his request exist prior to these dates, he needed to request another search.  The FBI assigned

FOIPA number 1020837 to his request.  Plaintiff was also advised of his right to file an

administrative appeal with the Department of Justice, Office of Information and Privacy ("DOJ

OIP").  **(See Exhibit B.)**

(8)    By letter dated June 4, 2005, plaintiff filed an administrative appeal to the DOJ

OIP regarding the FBI's "no record" response.  **(See Exhibit C.)**

(9)    By letter dated June 22, 2005, DOJ OIP acknowledged receipt of plaintiff's

administrative appeal and assigned it Appeal Number 05-2053.  **(See Exhibit D.)**

(10)    By letter dated October 3, 2005, DOJ OIP advised plaintiff that after careful

consideration of his appeal, and discussions between FBI and OIP personnel, OIP had decided to

3

affirm the FBI's "no record" response for request number 1020837.  OIP also advised plaintiff of

his right to seek judicial review of this decision pursuant to the provisions of Title 5, United

States Code, Section 552(a)(4)(b).  (See **Exhibit E.**)

## OKLAHOMA CITY REQUEST

(11)    By letter dated April 19, 2005, plaintiff submitted a FOIA request to the FBI

OCFO requesting any and all documents, records and information maintained by the FBI

concerning himself.  Plaintiff also expressed his willingness to pay reasonable search and

reproduction fees. (See **Exhibit F.**)

(12)    By letter dated May 12, 2005, FBIHQ advised plaintiff that his request to the

OCFO was forwarded to FBIHQ for processing.  Plaintiff was also advised that based upon the

information provided, a search of its central records system located no records at OCFO

responsive to his FOIPA request.  Plaintiff was also advised that the automated indices is an

index to all records created since January 1, 1958, in security, applicant and administrative

matters, as well as to all records created since January 1, 1973, in criminal matters.  Additionally,

plaintiff was advised that if he had reason to believe records responsive to his request exist prior

to these dates, he would need to request another search.  The FBI assigned FOIPA number

1020378 to his request.  Plaintiff was also advised of his right to file an administrative appeal

with DOJ OIP.  (See **Exhibit G.**)

(13)    By letter dated June 9, 2005, plaintiff filed an administrative appeal with the DOJ

OIP requesting an official  review of FBIHQ's "no record" response to his request to the FBI's

OCFO.  (See **Exhibit H.**)

(14)    By letter dated June 28, 2005, DOJ OIP acknowledged receipt of plaintiff's

4

administrative appeal and assigned it Appeal Number 05-2088.  (See **Exhibit I.**)

(15)    By letter dated October 3, 2005, DOJ OIP advised plaintiff that after careful

consideration and discussions between FBI and OIP personnel, OIP had decided to remand the

FBI's action in regards to plaintiff's FBI OCFO request.  Plaintiff was advised that the FBI had

conducted a further search and located records responsive to his request, and would send the

releaseable portions of these records directly to plaintiff.  Plaintiff was also advised of his right to

file a second administrative appeal to the DOJ OIP if he was dissatisfied with the FBI's ultimate

action on the recently discovered records.  (See **Exhibit J)**

(16)    By letter dated January 13, 2006,  plaintiff was advised by the FBI that pursuant to

his request 2 pages were reviewed and 2 pages were released.  Plaintiff was advised that

excisions had been made to protect information from disclosure pursuant to exemptions (b)(6),

(b)(7)(A), and (b)(7)(C) of 5, USC § 552 (Freedom of Information Act), and exemption (j)(2) of

the Privacy Act of 1974, 5 U.S.C. § 552a.  Plaintiff was also advised of his right to file an

administrative appeal with the DOJ OIP. (See **Exhibit K.**)

## USMS REFERRAL

(17)    By letter dated September 19, 2005 in accordance with 28 C.F.R. § 16.4, the

USMS referred 3 pages of material to FBIHQ for review and direct response to plaintiff  The

USMS also provided a copy of plaintiff's incoming request letter.  (See **Exhibit L.**)

(18)    By letter dated December 30, 2005, FBIHQ advised plaintiff that as a result of his

request to the USMS, 3 pages were referred to the FBI.  Plaintiff was also advised that these 3

pages were reviewed resulting in the release of 3 pages containing excisions.  Plaintiff was

further advised that these excisions had been made to protect information from disclosure

5

pursuant to exemption (b)(2) of 5, U.S.C. § 552 (Freedom of Information Act), and exemption

(j)(2) of the Privacy Act of 1974, 5 U.S.C. § 552a.  In addition, plaintiff was advised of his right

to file an administrative appeal with the DOJ OIP.  **(See Exhibit M.)**

(19)    By letter dated January 23, 2006, plaintiff was advised that upon further

consultation with the USMS, the FBI was releasing the 3 page document in its entirety.  The un-

redacted document is included as part of Exhibit N.  **(See Exhibit N.)**

## EXPLANATION OF THE CENTRAL RECORDS SYSTEM

(20)    The Central Records System ("CRS"), which is utilized by the FBI to conduct

searches in response to FOIA and Privacy Act requests, enables it to maintain all information

which it has acquired in the course of fulfilling its mandated law enforcement responsibilities.

The records maintained in the CRS consist of administrative, applicant, criminal, personnel, and

other files compiled for law enforcement purposes.  This system consists of a numerical sequence

of files broken down according to subject matter.  The subject matter of a file may relate to an

individual, organization, company, publication, activity, or foreign intelligence matter.  Certain

records in this system are maintained at FBIHQ.  Records which are pertinent to specific field

offices of the FBI are maintained in those field offices.

(21)    Access to the CRS is afforded by the General Indices, which are arranged in

alphabetical order.  The General Indices consist of index cards on various subject matters that are

searched either manually or through the automated indices.  The entries in the General Indices

fall into two categories:

> (a) A "main" entry — A "main" entry carries the name corresponding with a
> subject of a file contained in the CRS.

6

(b) A "reference" entry — "Reference" entries, sometimes called "cross-references" are generally only a mere mention or reference to an individual, organization, etc., contained in a document located in another "main" file on a different subject matter.

(22)    Access to the CRS files at FBI field divisions is also afforded by the General Indices (automated and manual), which are likewise arranged in alphabetical order, and consist of an index on various subjects, including the names of individuals and organizations. Searches made in the General Indices to locate records concerning a particular subject, such as "Jimmy Lee Sharbutt", are made by searching the subject requested in the index. FBI field offices have automated indexing functions.

(23)    On or about October 16, 1995, the Automated Case Support ("ACS") system was implemented for all field offices, Legal Attaches ("Legats") and FBIHQ. More than 105 million records were converted from automated systems previously utilized by the FBI. ACS consists of three integrated, yet separately functional, automated applications that support case management functions for all FBI investigative and administrative cases:

(a) Investigative Case Management ("ICM") – ICM provides the ability to open, assign, and close investigative and administrative cases as well as to set, assign, and track leads. The Office of Origin ("OO"), which sets leads for itself and other field offices, as needed, opens a case. The offices that receives leads are referred to as Lead Offices ("LOs"), formerly known as Auxiliary Offices. When a case is opened, it is assigned a Universal Case File Number ("UCFN"), such as "7A-OC-61637", which is utilized by all FBI field offices, Legats, and FBIHQ, that are conducting or assisting in the investigation. The "7A" indicates the classification for the specific type of investigation, which in this case is "Kidnapping"; "OC"

7

indicates the Office of Origin of the investigation, which in this case is the OCFO; and "61637" indicates the individual case file number for the particular investigation.

(b) Electronic Case File – ECF serves as the central electronic repository for the FBI's official text-based documents. ECF supports the universal serial concept, where only the creator of a document serializes it into a file, providing single source entry of serials into the computerized ECF system. All original serials are maintained in the OO case file.

(c) Universal Index ("UNI") – UNI continues the universal concepts of ACS by providing a complete subject/case index to all investigative and administrative cases. Only the OO is required to index: however, the LOs may index additional information as needed. UNI, a 92.4 million record index, functions to index names to cases, and to search names and cases for use in FBI investigations. Names of individuals or organizations are recorded with identifying applicable information, such as sex, race, event date, date or place of birth, locality, Social Security number, or address.

(24)    The decision to index names other than subjects, suspects, and victims is a discretionary decision made by the investigative FBI Special Agent ("SA") assigned to work on the case, the supervisor in the field office conducting the investigation, and the supervisory SA at FBIHQ. The FBI does not index every name in its files; rather, it indexes only that information considered to be pertinent, relevant, or essential for future retrieval. Without a "key" or index to this mass of data, information essential to ongoing investigations could not be readily retrieved. The FBI files would thus be merely archival in nature and could not be effectively used to serve the mandated mission of the FBI, which is to investigate violations of federal criminal and national security statutes. Therefore, the General Indices to the CRS files are the means by

8

which the FBI can determine what retrievable information, if any, the FBI may have in its CRS

files on a particular subject matter or individual.

## SEARCH FOR RESPONSIVE RECORDS

(25)    In response to plaintiff's June 9, 2005 administrative appeal for OCFO records

related to himself, RIDS personnel conducted a second search of the OCFO automated indices

and located one two-page cross reference maintained in file 7A-OC-61637.  This document was

processed and released to plaintiff on January 13, 2006, with redactions taken pursuant to FOIA

Exemptions 6, 7A, and 7C and Privacy Act Exemption j2.  This two page document, located in a

Kidnapping file, consists of an FBI agent interview of the plaintiff recorded on an FD-302 Form.

## EXPLANATION OF THE FORMAT UTILIZED FOR THE
## JUSTIFICATION OF DELETED MATERIAL

(26)    Upon further consultation with the Case Agent after receipt of plaintiff's

complaint, the FBI has decided to withdraw its assertion of (b)(7)(A) originally cited in the

January 13, 2006 release to plaintiff.  The Case Agent decided the release of plaintiff's interview

would no longer affect future law enforcement proceedings.  Attached as Exhibit O to this

declaration is a revised version of the FD-302.  It contains two pages, both of which are being

released with a partial redaction of information.  Both pages of Exhibit O have been

consecutively numbered on the bottom of the page beginning with "Sharbutt-1" and ending with

"Sharbutt-2".  Additionally, each withholding of information at issue has a coded exemption next

to it that details the nature of the information withheld pursuant to the provisions of the FOIA as

well as a numerical designation which more specifically identifies the exact nature of the

withheld information.  For example, on Page 1 of Exhibit O, exemption (b)(7)(C)-1 is cited to

9

protect information, specifically the name of an FBI Special Agent. The "(b)(7)(C)"designation refers to exemption (b)(7)(C) of the FOIA concerning Unwarranted Invasion of Personal Privacy. The numerical designation "1" following the (b)(7)(C) narrows the category of protected information from the main category to the more specific subcategory of "Name of an FBI Special Agent". These coded categories are used to assist the Court and plaintiff in their review of the FBI's withholding of information in these records.

(27)  Every effort was made to provide plaintiff with all reasonably segregable portions of material. Any further description of the withheld information would identify the very material that the FBI is protecting, thus negating the purpose of the exemptions. A listing of the exemption categories and justifications for the withheld information are discussed below.

## SUMMARY OF JUSTIFICATION CATEGORIES

(28)  Listed below are the categories used to explain the FOIA exemptions asserted to withhold protected material.

| Category (b)(6) | Clearly Unwarranted Invasion of Personal Privacy |
|---|---|
| (b)(6)-1 | Name of an FBI Special Agent |
| (b)(6)-2 | Name of a State Government Law Enforcement Employee |
| (b)(6)-3 | Names and/or identifying information of individuals who are of investigative interest to the FBI |

| Category (b)(7)(C) | Unwarranted Invasion of Personal Privacy |
|---|---|
| (b)(7)(C)-1 | Name of an FBI Special Agent |
| (b)(7)(C)-2 | Name of a State Government Law Enforcement Employee |
| (b)(7)(C)-3 | Names and/or identifying information of individuals who are of investigative interest to the FBI. |

10

## PRIVACY ACT EXEMPTION (j)(2)

(29)    Subsection (j)(2) of the Privacy Act exempts from mandatory disclosure systems of records "maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals . . ."

(30)    The investigatory record at issue in this matter is part of the FBI's CRS and pertains to an investigative interview provided by plaintiff. Plaintiff's interview concerns the disappearance of two young females constituting the federal crime of Kidnapping. The FBI has jurisdiction to investigate this type of federal crime pursuant to 18 U.S.C. § 1201, 1202, and 1204, commonly known as the Kidnapping Statute. Accordingly, the document, insofar as it pertains to plaintiff Jimmy Lee Sharbutt, is exempt from disclosure pursuant to the Privacy Act, 5 U.S.C. § 552a (j)(2), in conjunction with 28 C.F.R. § 16.96 (2004). Although access to this document was denied to plaintiff Jimmy Lee Sharbutt pursuant to the Privacy Act, it has been considered for release pursuant to the access provisions of the FOIA to achieve maximum disclosure.

## FOIA EXEMPTION (b)(6)
## CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY

(31)    5 U.S.C. § 552(b)(6) exempts from disclosure:

> personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy.

(32)    In asserting this exemption, each piece of information was scrutinized to determine the nature and strength of the privacy interest of any individual whose name and/or telephone number appeared in this record. In withholding the information, the individual's privacy interest

11

was balanced against the public's interest in disclosure. In making this analysis, public interest

information was determined to be information which would shed light on the FBI's performance

of its statutory duties. In each instance where information was withheld pursuant to Exemption

(b)(6), it was determined that the individual's privacy rights outweighed the public interest in

disclosure.

### (b)(6)-1        Name of an FBI Special Agent

(33) Exemption (b)(6)-1 has been asserted in conjunction with Exemption (b)(7)(C)-1 to

protect the name of an FBI SA who was responsible for conducting, supervising, and/or

maintaining the investigative activities reported in this Kidnapping investigation. Publicity,

adverse or otherwise, regarding any particular investigation conducted by SAs may seriously

impair their effectiveness in conducting future investigations. The privacy consideration also

protects SAs from unnecessary, unofficial questioning as to the conduct of an investigation,

whether or not they are currently employed by the FBI. FBI SAs conduct official inquiries into

violations of various criminal statutes, counterterrorism and national security cases. They come

into contact with all strata of society and conduct searches and make arrests, both of which result

in reasonable, but nonetheless serious disturbances in the lives of individuals. It is possible for a

person targeted by such law enforcement action to carry a grudge which may last for years, and to

seek revenge on the SAs involved in the investigation. The publicity associated with the release

of the identity of a FBI Special Agent in connection with a particular investigation could trigger

hostility towards the SA by such persons. Accordingly, there is no legitimate public interest to

be served in the disclosure of the name of the SA in this Kidnapping investigation to the public.

### b6-2          Name of a State Government Law Enforcement Employee

(34)     Exemption (b)(6)-2 has been asserted in conjunction with Exemption (b)(7)(C)-2

to withhold the name of an Oklahoma Bureau of Narcotics Agent who assisted in this interview.

Disclosure of this individual's identity would seriously jeopardize his/her effectiveness in the

performance of his/her official duties.  Further, the rationale for protecting FBI Special Agents

identities found at paragraph 33, supra, also pertains to withholding the name of State Law

Enforcement Personnel. There is no public interest to be served by releasing this information.

### b6-3          Names and/or identifying information of individuals who are
### of investigative interest to the FBI.

(35)     FOIA Exemption (b)(6)-3  has been asserted in conjunction with (b)(7)(C)-3 to

exempt from disclosure the names and/or identifying information of third party individuals in

whom the FBI has an investigative interest in the context of this Kidnapping investigation.  The

protected personal information about these individuals includes their names and/or home

telephone number.  Being linked with any law enforcement investigation carries a strong

negative connotation.  To release the identities of these individuals to the public in the context of

a FBI criminal investigation would subject them to harassment or embarrassment, as well as

undue public attention.  The personal privacy interests of these individuals would be severely

infringed upon if their identities were released in the context of this Kidnapping investigation as

individuals of investigative interest to the FBI.  After identifying the substantial privacy interests

of these individuals, the FBI balanced their interests against the public interest in disclosure.  The

FBI could not identify any legitimate public interest in release of this identifying information

since it would not shed any light on the operations and activities of the FBI in this Kidnapping

13

investigation.  Accordingly, the FBI has properly withheld this information pursuant to FOIA

Exemption (b)(6).

## FOIA EXEMPTION 7
## EXEMPTION 7 THRESHOLD

(36)    Exemption 7 of the FOIA protects from mandatory disclosure records or

information compiled for law enforcement purposes, but only to the extent that disclosure could

reasonably be expected to cause one of the harms enumerated in the subpart of the exemption.

See 5 U.S.C. § 552 (b)(7).  In this investigation, the harm that could reasonably be expected to

result from disclosure concerns the personal privacy of individuals.

(37)    Before an agency can invoke any of the harms enumerated in Exemption 7, it must

first demonstrate that the records or information at issue were compiled for law enforcement

purposes.  Law enforcement agencies such as the FBI must demonstrate that the records at issue

are related to the enforcement of federal laws and that the enforcement activity is within the law

enforcement duty of that agency.

(38)    In this case, the document relates to the investigation of a Kidnapping

prosecutable under the Federal Kidnapping Statute.  Thus, there is no doubt that this

investigation falls within the law enforcement duties of the FBI.  Accordingly, the information

readily meets the threshold requirement of Exemption 7.  The remaining inquiry is whether its

disclosure "could reasonably be expected to constitute an unwarranted invasion of personal

privacy."

14

**EXEMPTION (b)(7)(C)**
**UNWARRANTED INVASION OF PERSONAL PRIVACY**

(39)    5 U.S.C. § 552 (b)(7)(C) exempts from disclosure:

> records or information compiled for law enforcement purposes, but only to the
> extent that the production of such law enforcement records or information . . .
> could reasonably be expected to constitute an unwarranted invasion of personal
> privacy.

(40)    When withholding information pursuant to this exemption, the FBI is required to balance the privacy interests of the individuals mentioned in the documents against any public interest in disclosure. In asserting this exemption, each piece of information was examined to determine the degree and nature of the privacy interest of each individual whose name and/or identifying data appears in the document at issue. The public interest in disclosure of the information is determined by whether the information in question would inform plaintiff or the general public about the FBI's performance of its mission to enforce federal criminal and national security statutes, and/or how the FBI actually conducts its internal operations and investigations. As explained below, there is no legitimate public interest in the information that has been withheld pursuant to Exemption (b)(7)(C).

**(b)(7)C -1    Name of an FBI Special Agent**

(41)    Exemption (b)(7)(C)-1 has been asserted in conjunction with Exemption (b)(6)-1 to protect the name of an FBI SA who was responsible for conducting, supervising, and/or maintaining the investigative activities reported in this Kidnapping investigation. Publicity, adverse or otherwise, regarding any particular investigation conducted by SAs may seriously impair their effectiveness in conducting future investigations. The privacy consideration also protects SAs from unnecessary, unofficial questioning as to the conduct of an investigation,

15

whether or not they are currently employed by the FBI. FBI SAs conduct official inquiries into

violations of various criminal statutes, counter-terrorism and national security cases. They come

into contact with all strata of society and conduct searches and make arrests, both of which result

in reasonable, but nonetheless serious disturbances in the lives of individuals. It is possible for a

person targeted by such law enforcement action to carry a grudge which may last for years, and to

seek revenge on the SAs involved in the investigation. The publicity associated with the release

of the identity of a FBI Special Agent in connection with a particular investigation could trigger

hostility towards the SA by such persons. Accordingly, there is no legitimate public interest to

be served in the disclosure of the name of the SA in this Kidnapping investigation to the public.

### (b)(7)C-2    Name of a State Government Law Enforcement Employee

(42)    Exemption (b)(7)(C)-2 has been asserted in conjunction with Exemption (b)(6)-2

to withhold the name of an Oklahoma Bureau of Narcotics Agent who assisted in this interview.

Disclosure of this individual's identity could seriously jeopardize his/her effectiveness in the

performance of his/her official duties. Further, the rationale for protecting FBI Special Agents

identities found at paragraph 41, supra, also pertains to withholding the name of State Law

Enforcement Personnel. There is no public interest to be served by releasing this information.

### (b)(7)C-3    Names and/or identifying information of individuals who are of investigative interest to the FBI

(43)    FOIA Exemption (b)(6)-3 has been asserted in conjunction with (b)(7)(C)-3 to

exempt from disclosure the names and/or identifying information of third party individuals in

whom the FBI has an investigative interest in the context of this Kidnapping investigation. The

protected personal information about these individuals includes their names and/or home

16

telephone number. Being linked with any law enforcement investigation carries a strong

negative connotation. To release the identities of these individuals to the public in the context of

a FBI criminal investigation could subject them to harassment or embarrassment, as well as

undue public attention. The personal privacy interests of these individuals could be severely

infringed upon if their identities were released in the context of this Kidnapping investigation as

individuals of investigative interest to the FBI.. After identifying the substantial privacy interests

of these individuals, the FBI balanced their privacy interests against the public interest in

disclosure. The FBI could not identify any legitimate public interest in release of this identifying

information since it would not shed any light on the operations and activities of the FBI in this

Kidnapping investigation. Accordingly, the FBI has properly withheld this information pursuant

to FOIA Exemption (b)(7)(C).

## CONCLUSION

(44)    Plaintiff has been provided all responsive records pursuant to his FOIPA requests

to the FBI, and the U.S. Marshals Service referral. Furthermore, all segregable information has

been released to plaintiff, and no reasonably segregable portion of the withheld material can be

released. The FD-302 at issue was carefully reviewed for segregability. As demonstrated above,

the only information withheld by the FBI consists of information that would infringe upon the

personal privacy of third party individuals. This information cannot be further segregated

without revealing the protected information itself.

17

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A through O attached hereto are true and correct copies.

Executed this 2nd day of March, 2006.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

18

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JIMMY LEE SHARBUTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-CV-2396 |
| | ) | |
| | ) | |
| BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS AND EXPLOSIVES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# Exhibit A

To:  Director                                    Date:   April 19, 2005

Federal Bureau of Investigation

J. Edgar Hoover Building

Washington, D. C.  20535

Dear Sir:

        This is a request under the Freedom of Information Act.

        I request a copy of any and all documents, records and information
that any part of your agency has or had in its possession that is
in any way connected to, related to, or even remotely in reference
to my name.

        The following particulars may assist you in your search:
All records in the Central Office

        I will pay reasonable search and reproduction fees.
                    My biographical data is as follows:

FULL NAME   JIMMY LEE SHARBUTT, JR

DATE OF BIRTH :   June 12, 1961

PLACE OF BIRTH :   Miami, Oklahoma USA

SOCIAL SECURITY NUMBER:    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

        I declare under penalty of perjury that the aforementioned biograph-
ical data is that of my person and the signature below is my true
and correct original signature signed under oath.

Executed this  19th day of  April           , 2005

                            By  X _Jimmy Lee Sharbutt Jr._
                                        Affiant Herein

(28 USC Section 1746)

Name:    Jimmy Lee Sharbutt

Reg. No.   09112-062

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JIMMY LEE SHARBUTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-CV-2396 |
| | ) | |
| BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS AND EXPLOSIVES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# Exhibit B



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

*May 19, 2005*

MR. JIMMY LEE SHARBUTT, JR
**09112-062
POST OFFICE BOX 3000
FORREST CITY, AR 72335

                Request No.: 1020837- 000
                Subject: JIMMY LEE SHARBUTT, JR

Dear Mr. Sharbutt:

        This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

        Based on the information furnished, a search of the automated indices to our central records system files located no records at FBI Headquarters responsive to your FOIPA request to indicate you have ever been of investigatory interest to the FBI. The automated indices is an index to all records created since January I, 1958, in security, applicant, and administrative matters, as well as to all records created since January 1, 1973, in criminal matters.

        If you have reason to believe records responsive to your request exist prior to the above dates, you will have to request another search. In order to respond to our many requests in a timely manner, our focus is to identify responsive records in the automated indices that are indexed as main files. A main index record carries the names of subjects of FBI investigations.

        Although no main file records responsive to your FOIPA request were located in our automated indices, we are required to inform you that you are entitled to file an administrative appeal if you so desire. Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, U. S. Department of Justice, Suite 570, Flag Building, Washington, D. C. 20530, within 60 days from the date of this letter. The envelope and the letter should be clearly marked "Information Appeal." Please cite the FOIPA request number assigned to your request so that it may easily be identified.

                      Sincerely yours,

                      David M. Hardy
                      Section Chief,
                      Record/Information
                        Dissemination Section
                      Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JIMMY LEE SHARBUTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-CV-2396 |
| | ) | |
| | ) | |
| BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS AND EXPLOSIVES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# Exhibit C

FOIA APPEAL                      05-2053

To: Co-Director _____          Date: June 4, 2005

Office of Information & Privacy
Department of Justice                 RE: FOIA to ____ FBI ____
FLAG BUILDING, Suite 570
Washington, D. C. 20530               Request No. 1020837 OFFICE OF INFORMATION
                                                          AND PRIVACY

                                                          JUN 1 5 2005

                                              RECEIVED

Dear Sir:

    This is an appeal under the Freedom of Information Act.

    Please consider reviewing the action or inaction of the agency:

_____ FBI _____ in connection to my request for records.
            (check appropriate box or boxes below)

_____   The agency has not responded and the time limits within which
          to do so has expired.

__X__     The agency has claimed that no records could be found and I
          want to appeal that "no records" response.

_____   The agency has blanket denied release of all records.

_____   The agency has released certain records and withheld some
          by claiming certain exemptions.

_____   The agency has withheld certain records but has not claimed
          any exemptions or stated any reason for the deletions.

_____   I believe the agency action or inaction otherwise unjust for
          the following reason:

          _____
          _____

    Appellant believes the agency has acted arbitrary and/or capricious
and asks for review of the action/inaction.

    The burden is on the agency to show the material withheld fits
within the parameters of the exemptions claimed.  Appellant asks that
the agency itemize and index the withheld material and include detailed
affidavits & explanations in support to justify any withholdings.

                                  Sincerely,

                              X
cc: file                      _____
                              Jimmy Lee Sharbutt 09112-062
                              Box 3000, Forrest City, AR 72336



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JIMMY LEE SHARBUTT,          )
                                       )
      Plaintiff,             )
                                       )
          v.              )      Civil Action No. 05-CV-2396
                                     )
                                     )
BUREAU OF ALCOHOL, TOBACCO,   )
FIREARMS AND EXPLOSIVES, et al.,  )
                                     )
      Defendants.         )

# Exhibit D



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*          *Washington, D.C. 20530*

JUN 2 2 2005
6-22-05

Mr. Jimmy L. Sharbutt
Register No. 09112-062
Federal Correctional Complex-Medium
P.O. Box 3000
Forrest City, AR 72336

     Re:  Request No. 1020837-000

Dear Mr. Sharbutt:

     This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation on your request for information from the files of the Department of Justice was received by this Office on June 15, 2005.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **05-2053**.  Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

                Sincerely,

                Priscilla Jones
                Chief, Administrative Staff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMMY LEE SHARBUTT,<br><br>    Plaintiff,<br><br>             v.<br><br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS AND EXPLOSIVES, et al.,<br><br>    Defendants. | Civil Action No. 05-CV-2396 |

# Exhibit E



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

OCT 0 3 2005
10/3/05

Mr. Jimmy L. Sharbutt                Re:  Appeal Nos. 05-2053 &
Register No. 09112-062                    05-2088
Federal Correctional Complex              Request Nos. 1020837 &
Post Office Box 3000                       1020378
Forrest City, AR  72336                   RLH:ADW:ALB

Dear Mr. Sharbutt:

     You appealed from the actions of the Oklahoma Field Office and
the Headquarters Office of the Federal Bureau of Investigation on
your requests for access to records concerning you.

     After carefully considering your appeals, and as a result of
discussions between FBI personnel and a member of my staff, I have
decided to affirm the FBI's action on Request No. 1020837 and to
remand the FBI's action on Request No. 1020378.

     Th Headquarters Office informed you that it could locate no
responsive records in its Central Records System (Request No.
1020837).  It has been determined that the Headquarters Office's
response is correct.

     With respect to your request to the Oklahoma Field Office
(Request No. 1020378), subsequent to your appeal, the FBI conducted a
further search and located records responsive to your request.
Accordingly, I have decided to remand your request to the FBI for
processing of the responsive records.  The FBI will send the
releaseable portions of these records to you directly, subject to
applicable fees.  If you are dissatisfied with the FBI's ultimate
action on these records, you may appeal again to this Office.

     If you are dissatisfied with my action on your appeal, you may
seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                              Sincerely,


                              Richard L. Huff
                              Co-Director

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JIMMY LEE SHARBUTT,  )
  )
  Plaintiff,  )
  )
  v.  )   Civil Action No. 05-CV-2396
  )
  )
BUREAU OF ALCOHOL, TOBACCO,  )
FIREARMS AND EXPLOSIVES, et al.,  )
  )
  Defendants.  )
  )

# Exhibit F

To:   Special Agent In Charge                Date:      April 19, 2005

Federal Bureau of Investigation

3301 W Memorial

Oklahoma City, OK  73134

Dear Sir:

    This is a request under the Freedom of Information Act.

    I request a copy of any and all documents, records and information that any part of your agency has or had in its possession that is in any way connected to, related to, or even remotely in reference to my name.

    The following particulars may assist you in your search:

    All records especially in Tulsa & Ok City, OK

    I will pay reasonable search and reproduction fees.

    My biographical data is as follows:

**FULL NAME**   JIMMY LEE SHARBUTT, JR

**DATE OF BIRTH :**   June 12, 1961

**PLACE OF BIRTH :**   Miami, Oklahoma USA

**SOCIAL SECURITY NUMBER:**   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

    I declare under penalty of perjury that the aforementioned biograph ical data is that of my person and the signature below is my true and correct original signature signed under oath.

Executed this _____19th____ day of   April        2005

                           By  X _Jimmy Lee Sharbutt Jr._
                                Affiant Herein

(28 USC Section 1746)

Name:   Jimmy Lee Sharbutt

Reg. No.   09112-062

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMMY LEE SHARBUTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-CV-2396 |
| ) | |
| BUREAU OF ALCOHOL, TOBACCO, ) | |
| FIREARMS AND EXPLOSIVES, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

# Exhibit G



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

May 12, 2005

MR. JIMMY LEE SHARBUTT, JR
**09112-062
POST OFFICE BOX 3000
FORREST CITY, AR 72335

Request No.: 1020378- 000
Subject: JIMMY LEE SHARBUTT, JR

Dear Mr. Sharbutt:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above. Your request was forwarded to FBI Headquarters from our Oklahoma City Field Office.

Based on the information furnished, a search of the automated indices to our central records system files located no records at our Oklahoma City Field Office responsive to your FOIPA request to indicate you have ever been of investigatory interest to the FBI. The automated indices is an index to all records created since January 1, 1958, in security, applicant, and administrative matters, as well as to all records created since January 1, 1973, in criminal matters.

If you have reason to believe records responsive to your request exist prior to the above dates, you will have to request another search. In order to respond to our many requests in a timely manner, our focus is to identify responsive records in the automated indices that are indexed as main files. A main index record carries the names of subjects of FBI investigations.

Although no main file records responsive to your FOIPA request were located in our automated indices, we are required to inform you that you are entitled to file an administrative appeal if you so desire. Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, U. S. Department of Justice, Suite 570, Flag Building, Washington, D. C. 20530, within 60 days from the date of this letter. The envelope and the letter should be clearly marked "Information Appeal." Please cite the FOIPA request number assigned to your request so that it may easily be identified.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JIMMY LEE SHARBUTT,                    )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )        Civil Action No. 05-CV-2396
                                       )
BUREAU OF ALCOHOL, TOBACCO,            )
FIREARMS AND EXPLOSIVES, et al.,       )
                                       )
        Defendants.                    )
                                       )

# Exhibit H

05-2088

## FOIA APPEAL

To: Co-Director                              Date: June 9, 2005

Office of Information & Privacy

Department of Justice                        RE: FOIA to 'FBI OK City, OK

FLAG BUILDING, Suite 570                     Request No. 1020378-000

Washington, D. C. 20530

Dear Sir:

    This is an appeal under the Freedom of Information Act.

    Please consider reviewing the action or inaction of the agency:

FBI Field Office OK, City, OK        in connection to my request for records.

    (check appropriate box or boxes below)

_____ The agency has not responded and the time limits within which
to do so has expired.

__X__ The agency has claimed that no records could be found and I
want to appeal that "no records" response.

_____ The agency has blanket denied release of all records.

_____ The agency has released certain records and withheld some
by claiming certain exemptions.

_____ The agency has withheld certain records but has not claimed
any exemptions or stated any reason for the deletions.

_____ I believe the agency action or inaction otherwise unjust for
the following reason:

_____

_____

    Appellant believes the agency has acted arbitrary and/or capricious
and asks for review of the action/inaction.

    The burden is on the agency to show the material withheld fits
within the parameters of the exemptions claimed. Appellant asks that
the agency itemize and index the withheld material and include detailed
affidavits & explanations in support to justify any withholdings.

Sincerely,

cc: file    **RECEIVED**        ~~Jimmy Sharbutt No. 09112-062~~ 09112-062

       JUN 21 2005        Box 6000, FCC, Forrest City (MEDIUM), AR 72336

    Office of Information and Privacy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMMY LEE SHARBUTT, )<br><br>    Plaintiff, )<br><br>        v. )<br><br>BUREAU OF ALCOHOL, TOBACCO, )<br>FIREARMS AND EXPLOSIVES, et al., )<br><br>    Defendants. ) | Civil Action No. 05-CV-2396 |

# Exhibit I



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

JUN 2 8 2005

6-28-05

Mr Jimmy Sharbutt
Register No. 09112-062
Federal Correctional Complex
P.O. Box 3000
Forrest City, AR 72335

    Re: Request No. 1020378-000

Dear Mr. Sharbutt:

    This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation on your request for information from the files of the Department of Justice was received by this Office on June 21, 2005.

    The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **05-2088**. Please mention this number in any future correspondence to this Office regarding this matter.

    We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

           Sincerely,

           Priscilla Jones
           Chief, Administrative Staff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMMY LEE SHARBUTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      Civil Action No. 05-CV-2396 |
| | ) |
| | ) |
| BUREAU OF ALCOHOL, TOBACCO, | ) |
| FIREARMS AND EXPLOSIVES, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

# Exhibit J



**U.S. Department of Justice**

Office of Information and Privacy

_____

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

OCT 0 3 2005
10/3/05

Mr. Jimmy L. Sharbutt                Re:  Appeal Nos. 05-2053 &
Register No. 09112-062                    05-2088
Federal Correctional Complex              Request Nos. 1020837 &
Post Office Box 3000                      1020378
Forrest City, AR  72336                   RLH:ADW:ALB

Dear Mr. Sharbutt:

     You appealed from the actions of the Oklahoma Field Office and
the Headquarters Office of the Federal Bureau of Investigation on
your requests for access to records concerning you.

     After carefully considering your appeals, and as a result of
discussions between FBI personnel and a member of my staff, I have
decided to affirm the FBI's action on Request No. 1020837 and to
remand the FBI's action on Request No. 1020378.

     Th Headquarters Office informed you that it could locate no
responsive records in its Central Records System (Request No.
1020837).  It has been determined that the Headquarters Office's
response is correct.

     With respect to your request to the Oklahoma Field Office
(Request No. 1020378), subsequent to your appeal, the FBI conducted a
further search and located records responsive to your request.
Accordingly, I have decided to remand your request to the FBI for
processing of the responsive records.  The FBI will send the
releaseable portions of these records to you directly, subject to
applicable fees.  If you are dissatisfied with the FBI's ultimate
action on these records, you may appeal again to this Office.

     If you are dissatisfied with my action on your appeal, you may
seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                              Sincerely,


                              Richard L. Huff
                              Co-Director

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JIMMY LEE SHARBUTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-CV-2396 |
| | ) | |
| | ) | |
| BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS AND EXPLOSIVES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# Exhibit K



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

January 13, 2006

MR JIMMY LEE SHARBUTT JR
**09112-062
POST OFFICE BOX 3000
FORREST CITY, AR 72335

Subject: SHARBUTT, JIMMY LEE (JR)

FOIPA No. 1020378- 001

Dear Mr Sharbutt:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| **Section 552** | | **Section 552a** |
|---|---|---|
| ☐(b)(1) | ☒(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☒(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

2 **page(s)** were reviewed and 2 **page(s)** are being released.

☐ Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

☐ referred to the OGA for review and direct response to you.

☐ referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, U.S. Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.  Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s).  Our experience has shown, when ident. references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☐ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMMY LEE SHARBUTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 05-CV-2396 |
| | ) |
| BUREAU OF ALCOHOL, TOBACCO, | ) |
| FIREARMS AND EXPLOSIVES, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

# Exhibit L



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

---

*Washington, DC 20530-1000*

September 19, 2005

**MEMORANDUM TO:** David M. Hardy, Chief
Record/Information Dissemination Section
Records Management Division
FBI, Department of Justice
935 Pennsylvania Avenue, N.W.
Washington, DC  20535-0001

**FROM:** William E. Bordley
Associate General Counsel/FOIPA Officer
Office of General Counsel

**SUBJECT:**  **FOI/PA Request - Jimmy Sharbutt**
Request No: 2005USMS8368

In searching our files pursuant to a Freedom of Information/Privacy Act request by the above-named individual, we located ████████ts which originated with or contain information which originated with your agency. Pursuant to 28 C.F.R. § 16.42(d), these documents are being referred to your office for action  and ████████████████

A copy of said documents and the Privacy Act request are attached.  If you have any questions, please contact Shaaron L. Keys at 307-9054.

Attachments

To: Director

Date: April 19, 2005

United States Marshals Service

Department of Justice

Washington, D. C. 20530

Dear Sir:

    This is a request under the Freedom of Information Act.

    I request a copy of any and all documents, records and information that any part of your agency has or had in its possession that is in any way connected to, related to, or even remotely in reference to my name.

    The following particulars may assist you in your search:

Search the Tulsa & Oklahoma City and El Reno, OK districts and

Forrest City, AR

    I will pay reasonable search and reproduction fees.

    My biographical data is as follows:

FULL NAME   JIMMY LEE SHARBUTT, JR

DATE OF BIRTH :   June 12, 1961

PLACE OF BIRTH :   Miami, Oklahoma USA

SOCIAL SECURITY NUMBER:   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

    I declare under penalty of perjury that the aforementioned biographical data is that of my person and the signature below is my true and correct original signature signed under oath.

Executed this   19th day of   April   ,   2005   .

By   X _Jimmey Lee Sharbutt Jr._
            Affiant Herein

(28 USC Section 1746)

Name:   Jimmy Lee Sharbutt

Reg. No.   09112-062

RECEIVED
USMS
EXECUTIVE SECRETARIAT
2005 MAY -5 PM 4: 54

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JIMMY LEE SHARBUTT,                          )
                                             )
        Plaintiff,                           )
                                             )
                v.                           )        Civil Action No. 05-CV-2396
                                             )
                                             )
BUREAU OF ALCOHOL, TOBACCO,                  )
FIREARMS AND EXPLOSIVES, et al.,             )
                                             )
        Defendants.                          )
                                             )

# Exhibit M



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

DECEMBER 30, 2005

JIMMY LEE SHARBUTT JR
\*\*09112-062
FEDERAL CORRECTIONAL COMPLEX
POST OFFICE BOX 3000
FORREST CITY, AR 72336

Subject: 12292005

FOIPA No. 1030253- 000

Dear Requester:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☒(j)(2) |
| ☐(b)(3)_____ | ☐(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐(b)(6) | | ☐(k)(7) |

**3 page(s)** were reviewed and **3 page(s)** are being released.

☐   Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

☐   referred to the OGA for review and direct response to you.

☐   referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, U.S. Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s).

If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)

This release is a result of a referral from United States Marshal's Service, pertaining to their review of their files pursuant to litigation.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JIMMY LEE SHARBUTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-CV-2396 |
| | ) | |
| | ) | |
| BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS AND EXPLOSIVES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# Exhibit N



**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D. C. 20535-0001

January 23, 2006

Mr. Jimmy Lee Sharbutt, Jr.
**09112-062
Federal Correctional Complex
Post Office Box 3000
Forrest City, AR 72336

                    Subject: Self
                    FOIPA No: 1030253

Dear Mr. Sharbutt:

        By letter dated December 30, 2005, the enclosed
document was released to you citing exemptions (j)(2) and (b)(2)
of the Freedom of Information/Privacy Acts, Title 5, United
States Code, Section 552/552a.  Upon further consultation with
the United States Marshall Service, we are now releasing the
attached document in its entirety.

                    Sincerely yours,


                    David M. Hardy
                    Section Chief
                    Record/Information
                     Dissemination Section
                    Records Management Division

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION
CLARKSBURG, WV  26306

OKUSM0300                          ICN IFCS0004000015834947

BECAUSE ADDITIONS OR DELETIONS MAY BE MADE AT ANY TIME, A NEW COPY
SHOULD BE REQUESTED WHEN NEEDED FOR SUBSEQUENT USE.
                  - FBI IDENTIFICATION RECORD -

WHEN EXPLANATION OF A CHARGE OR DISPOSITION IS NEEDED, COMMUNICATE
DIRECTLY WITH THE AGENCY THAT FURNISHED THE DATA TO THE FBI.

NAME                          FBI NO.        DATE REQUESTED
SHARBUTT,JIMMY LEE-JR          114734W6       2002/06/19

SEX  RACE  BIRTH DATE  HEIGHT  WEIGHT  EYES  HAIR  BIRTH PLACE
M    W     1961/06/12  510     143     BRO   BRO   OKLAHOMA

FINGERPRINT CLASS    PATTERN CLASS                CITIZENSHIP
10 06 06 17 11       RS RS RS RS RS LS LS LS LS LS  UNITED STATES
06 TT TT 14 08                      AU AU
                                    RS

*09112-062*

1-ARRESTED OR RECEIVED 1980/06/20
    AGENCY-POLICE DEPARTMENT OKLAHOMA CITY (OK0550600)
        AGENCY CASE-153055
        CHARGE 1-BUSINESS BURGLARY
            DISPOSITION-TOT ANOTHER AGENCY-
        CHARGE 2-POSSESSION OF MARIJUANA
            DISPOSITION-TOT ANOTHER AGENCY-
        CHARGE 3-POSSESSION OF CONTR DANGEROUS SUBSTANCE
        ADDITIONAL ARREST DISPOSITION-TOT CO B BURG,TOT LIB P CDS&MJ

2-ARRESTED OR RECEIVED 1981/05/29
    AGENCY-DEPT OF CORRECTION OKLAHOMA CITY (OK055025C)
        AGENCY CASE-110487
        CHARGE 1-BURGLARY IN THE SECOND DEGREE

    COURT-DEPT OF CORRECTION OKLAHOMA CITY (OK055025C)
        CHARGE-BURGLARY
        SENTENCE-
        SENTENCED 2 YEARS PRISON, SUSPENDED 1 YEAR RECEIVED 05291981

    SUPERVISION OR CUSTODY-
        AGENCY-TREATMENT CENTER OKLAHOMA CITY (OK055015C)
            1981/09/11 STATUS-PAROLED-

END OF PART 1 - PART 2 TO FOLLOW

05/18/2005  10:38  3185817735          USMS NORTHERN OK          PAGE  16/56

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION
CLARKSBURG, WV  26306


OKUSM0300                           ICN IFCS0004000015834947
PART 2


           - FBI IDENTIFICATION RECORD - FBI NO-114734W6


3-ARRESTED OR RECEIVED 1982/12/22
   AGENCY-POLICE DEPARTMENT MIDWEST CITY (OK0550400)
      AGENCY CASE-21525 NAME USED-SHARBUTT,JIMMY LEE
      CHARGE 1-VIO SUSP SENT
      CHARGE 2-VIO SUSP SENT

4-ARRESTED OR RECEIVED 1983/11/28
   AGENCY-SHERIFF'S OFFICE OKLAHOMA CITY (OK0550000)
      AGENCY CASE-90622
      CHARGE 1-POSS MJ-AFC

5-ARRESTED OR RECEIVED 1984/02/06  SID- OK00263153
   AGENCY-POLICE DEPARTMENT OKLAHOMA CITY (OK0550600)
      AGENCY CASE-153055 NAME USED-SHARBUTT,JIMMY LEE
      CHARGE 1-ARMED ROBBERY 1299
            DISPOSITION-NO FORMAL CHARGE-
      ADDITIONAL ARREST DISPOSITION-TOT OKLA CO

   COURT-POLICE DEPARTMENT OKLAHOMA CITY (OK0550600)
      CHARGE-ARMED ROBBERY
      SENTENCE-
      SENTENCED 10 YEARS PRISON.

6-ARRESTED OR RECEIVED 1984/06/29
   AGENCY-DEPT OF CORRECTION OKLAHOMA CITY (OK055025C)
      AGENCY CASE-110487
      CHARGE 1-ROBBERY WITH FIREARMS AFCF

   COURT-DEPT OF CORRECTION OKLAHOMA CITY (OK055025C)
      CHARGE-ARMED ROBBERY
      SENTENCE-
      SENTENCED 10 YEARS PRISON, RECEIVED 06291984 PAROLED 10061987

   SUPERVISION OR CUSTODY-
      AGENCY-PROBATION - PAROLE OKLAHOMA CITY (OK055015G)
         1987/10/06 STATUS--PAROLE




END OF PART 2 - PART 3 TO FOLLOW

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION
CLARKSBURG, WV  26306

OKUSM0300                                    ICN IFCS0004000015834947
PART 3

- FBI IDENTIFICATION RECORD - FBI NO-114734W6

7-ARRESTED OR RECEIVED 1991/10/14  SID- MO00787755
  AGENCY-SHERIFF'S OFFICE COLUMBIA (MO0100000)
    NAME USED-SHARBUTT,JIMMY LEE
    CHARGE 1-RAPE F 1103

    COURT-TAPE DISP-ORI UNKNWN COUNTY OF VENUE (MOMHP000Z)
      CHARGE-RAPE - FEL
      SENTENCE-
      01/16/92                DISMISSED ST
      CHARGE-RAPE - FEL
      SENTENCE-
      01/16/92                DISMISSED ST

8-ARRESTED OR RECEIVED 2000/10/01  SID- MO00787755
  AGENCY-POLICE DEPARTMENT JOPLIN (MO0490700)
    NAME USED-SHARBUTT,JIMMY L
    CHARGE 1-(0) 114-DWI/ALCOHOL JMC 114-171

9-ARRESTED OR RECEIVED 2002/05/17
  AGENCY-USM TULSA (OKUSM0300)
    AGENCY CASE-USM09112062 NAME USED-SHARBUTT,JIMMY LEE
    CHARGE 1-18 USC 922, 924 - POSS FIRE ARM AFCF

RECORD UPDATED 2002/06/19

ALL ARREST ENTRIES CONTAINED IN THIS FBI RECORD ARE BASED ON
FINGERPRINT COMPARISONS AND PERTAIN TO THE SAME INDIVIDUAL.

THE USE OF THIS RECORD IS REGULATED BY LAW.  IT IS PROVIDED FOR OFFICIAL
USE ONLY AND MAY BE USED ONLY FOR THE PURPOSE REQUESTED.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JIMMY LEE SHARBUTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-CV-2396 |
| | ) | |
| | ) | |
| BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS AND EXPLOSIVES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# Exhibit O

FD-302 (Rev. 10-6-95)

- 1 -

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription     10/03/2002

      JIMMY SHARBUTT, date of birth June 12, 1961, Social
Security Account Number 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, was provided the identity
of the interviewing Agent and the nature of the interview.  This
interview was conducted at the United States Attorney's Office
and present during the interview, besides Mr. SHARBUTT, was his
attorney, TOM SEYMOUR, Assistant United States Attorney DOUG HORN
and Oklahoma Bureau of Narcotics Agent ☐

b6 -2
b7C -2

      SHARBUTT stated that the missing girls from Welch were
placed in fifty gallon drums and thrown down an old well on ☐
☐ property east of Miami, Oklahoma.  He stated that
☐ had provided him with this information.  ☐ is a friend of
SHARBUTT's and works at NEWELL COACH in Miami.  His home telephone
number is ☐

b6 -3
b7C -3

      SHARBUTT stated that he thought ☐ and ☐
were responsible for the girls deaths.  ☐ supposedly sent
his girlfriend, ☐ to Oregon so she would not talk about
what had happened to the girls.  ☐ played a tape for SHARBUTT
of ☐ while she was taking drugs.  She was talking about the
missing girls and SHARBUTT heard her say "They're going to find out
about those girls".  ☐ mentioned something about needing to
take ☐ but because he was afraid ☐ would leak that he had
killed those girls.  ☐ told SHARBUTT this at a party.  ☐
stated that he had killed the girls and that this was worrying him.

b6 -3
b7C -3

      ☐ told SHARBUTT that ☐ had sent
☐ and ☐ to Welch to collect money from the parents of the
girls.  Sometime during this trip to Welch they ran out of gas.
SHARBUTT also stated that ☐ was getting his pseudoephedrine
from someone in Welch.  At the time, ☐ was dating ☐
☐ and she told SHARBUTT the same thing.

b6 -3
b7C -3

      ☐ who had been ☐ girlfriend, said
that ☐ had taken the girls to Joplin at an all brick motel.
They had given the girls drugs and one of the girls accidently
overdosed.  The other girl freaked out and they had to kill her.

b6 -3
b7C -3

Investigation on ___09/23/2002___ at ___Tulsa, Oklahoma___

File # _7A-OC-61637_      b6 -1      Date dictated ___09/27/2002___

by _SA ☐ jl_      b7C -1

This document contains neither recommendations nor conclusions of the FBI.  It is the property of the FBI and is loaned to your agency;
it and its contents are not to be distributed outside your agency.

FD-302a (Rev. 10-6-95)

7A-OC-61637

Continuation of FD-302 of _____, On  09/23/2002 , Page   2

b6 -3
b7C -3
_____ said that _____ had cooked dope at this particular motel in the past.  SHARBUTT had heard the rumor that some video tapes had been made of the girls while they were at the motel in Joplin.

b6 -3
b7C -3
When asked why _____ would let anyone bury bodies on his property, SHARBUTT explained he thought _____ would like the challenge of beating the police.  He stated that _____ had surveillance cameras around his property and he and his relatives have walkie talkies and monitor the traffic on their road.  SHARBUTT also mentioned that he thought there was some type of cult activities going on at _____ place and that _____ was involved in this activity.

b6 -3
b7C -3
SHARBUTT stated that _____ knew the _____ and had done brickwork for _____ at his home.  He also stated that _____ had hired _____ to help him with this brickwork.

b6 -3
b7C -3
SHARBUTT advised that the Ottawa County Sheriff's Department had done a search warrant at _____ looking for video tapes that had possibly been made of the missing girls.  Apparently there were no tapes of that type found, but there were other tapes found.  SHARBUTT heard _____ mention something that "the tapes had been destroyed".  He also thought _____ had mentioned something about videotapes also.

b6 -3
b7C -3
SHARBUTT stated that _____ said that he was in jail when the girls from Welch first were missing.