UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JIMMY SHARBUTT,                    )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )   Civil Action No. 05-2396 (JGP)
                                   )
BUREAU OF ALCOHOL, TOBACCO,        )
FIREARMS AND EXPLOSIVES, et al,    )
                                   )
        Defendants.                )

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

RECEIVED
APR 1 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Defendants have filed their Motion for Partial Summary Judgment on the ground that there are no material facts in genuine dispute and, therefore, defendants contend that they are entitled to judgment as a matter of law. In support of its motion, defendants have attached its Memorandum of Points and Authorities, Statement of Material Facts not in Genuine Dispute, and seven declarations of the officials employees responding on behalf of the various entity defendants.

Much of the correspondence attached to the declarations of the officials responding on behalf of the defendants is also included as attachment to Plaintiff's motion. Plaintiff submits that these attachments show that the various entity defendants have failed to properly respond to Plaintiff and that agency records have been improperly withheld.

Defendants' Memorandum of Points and Authorities, and declarations are clearly legal conclusions to which no responses are required. For the reasons set forth in Plaintiff's Motion for Partial Summary Judgment and the attached Memorandum in support

of Plaintiff's opposition to the defendants' Motion for Partial Summary Judgment, Plaintiff submits that defendant's Motion for Partial Summary Judgment should be denied.

                                   Respectfully submitted,

*[signature]*

JIMMY SHARBUTT, Plaintiff Pro se
Reg. No. 09112-062
F.C.C. Forrest City Medium
P.O. Box 3000
Forrest City, AR 72336


## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of April, 2006, a true and correct copy of the foregoing Plaintiff's Response to Defendants' Motion for Partial Summary Judgment was filed and served to defendants' attorney of record, by placement in the prison mail box, postage pre-paid, United States First Class Mail Service, to A.U.S.A. Wyneva Johnson, Judiciary Center Buinding, 555 4th Street, N.W., E-4106, Washington D.C., 20530.

*[signature]*

Jimmy Sharbutt, Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JIMMY SHARBUTT,           )
    Plaintiff,            )
                          )
v.                        )     Civil Action No. 05-2396 JGP
                          )
BUREAU OF ALCOHOL, TOBACCO,)
FIREARMS AND EXPLOSIVES, et al.)
    Defendants.           )

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants, through counsel, moved this Court for partial summary judgment on the grounds that there are allegedly no material facts in genuine dispute and the defendants are therefore entitled to judgment as matter of law pursuant to Fed.R.Civ.P. 56.

In support of their request, defendants submitted a Memorandum of Points and authorities and declarations from official employees on behalf of the various entity defendants. Defendants' Memorandum and declarations are clearly legal conclusions to which no response is required.

Defendants also submit its alleged Statement of Material Facts not in Genuine Dispute. Pursuant to Fed.R.Civ.P. 56(e), Plaintiff disputes the facts presented by defendants as set forth in his sworn statement of specific facts showing that there is a genuine issue and important facts which are in dispute, attached to this pleading.

Contrary to defendants self-serving statements, they have not fully complied with the requirements of FOIA in responding to Plaintiff's requests. If they had, Plaintiff would not presently be before this Honorable Court requesting defendants be legally

compelled by the Court to comply with FOIA/PA rules and procedures.

Defendants DEA, Department of Justice Criminal Division, Office of Enforcement Operations and IRS claim that they found no records concerning plaintiff.  Plaintiff asserts that these defendant agencies were involved in criminal investigations in collusion with state authorities and aided them in the conviction under which Plaintiff is seeking FOIA discovery material.

Defendants ATF, USMS, FBI, and BOP found responsive records. Plaintiff challenges the scope of their respective searches and the appropriateness of the exemptions to which the respective agencies claim to withhold information from plaintiff's FOIA request.

Plaintiff argues that each defendant failed to release all documents or portions thereof making every effort to provide plaintiff with all reasonably segregated portions of releasable material. Accordingly, Plaintiff's claims against defendants should not be summarily dismissed and defendants should take nothing from this suit.  Where defendants have failed to release all responsive documents on claims challenged by the plaintiff, Defendants' motion for summary judgment should be denied.

Contrary to defendants assertion that they have submitted proper "Vaughn" indices, where defendants base this statement of fact on delarations that fail to meet any standard of "Vaughn" material, their assertions are wholly unsupported by the facts or law of the case.

Defendants declarations in support of the exclusion of records in whole or in part were in the form of bleak reference to and wholly fails to illuminate the contents of or reveal any infor-

mation and are pathetically conclusory in terms stating why any information was not subject to disclosure.

When the public body make a general allegation of exemption, no one other than the agency may know if the allegation applies to all or only part of the information. Isolating what exemptions apply to what parts of a document makes the burden of evaluating allegations of exemptions even more difficult.

Defendants claim that all they need to do to fulfill their burden is to aver that the factual nature of the information is such that it falls under one of the exemptions. At this point, opposing party is comparatively helpless to convert this to characterization. This is why the defendants' characterization must be adequately tested by request of plaintiff by the Court.

The conclusory and generalized allegations of exemptions such as those proferred by defendants through declarations must fail to support their request for a partial summary judgment where they leave facts in dispute by their nature.

Defendants claim that they have conducted a reasonable search in response to Plaintiff's FOIA request. Plaintiff asserts that had all defendants actually conducted reasonable searches as required under FOIA standards, responsive documents would have been located by defendant agencies. Investigative files and reports that contain information regarding a particular individual or subject of an investigation are easily located when a reasonable effort in a search subject to a FOIA request is undertaken.

Plaintiff was a subject of an investigation by defendants and therefore, files and investigation reports where created by the defendants. Defendants failure to locate the requested records

is a reflection of their failure to due diligence in their search as requested by plaintiff's FOIA.

The record will show that defendants had previously stated that no records were found in response of plaintiff's FOIA request, then upon plaintiff pressing the 'no record' response from the agency defendant, and subsequent search located records responsive to plaintiff's request. (Oklahoma City Request case) Then the documents were released and received by plaintiff highly exporgated with conclusory support for exemptions. Again, upon further pleading from plaintiff, the documents were re-released in their entirety, without exemptions.

Plaintiff asserts that defendants habit of hiding-the-ball continues with the remaining claims of defendants failure to comply with FOIA procedures and locate further documents and release documents without exemptions that are not supported by actual and factual legal reasons.

Defendants continue pleading in their motion for partial summary judgment that all agencies appropriately relied on the stated exemptions to deny plaintiff review of portions of, and some complete, documents requested under his FOIA request.

Plaintiff argues that the exemptions claimed are very narrow and general in nature of the documents sought and is highly unlikely that such exemptions exist. As in the Oklahoma City Request case, Plaintiff asserts that defendants are not complying with FOIA provisions and that their are deleated portions of documents that defendants' stated exemptions do not qualify for the deletions, and upon review of the court, will be re-released in their entirety.

Defendants again contend that their release of documents conforms with FOIA segregable standards and that documents withheld fall into the non-segregable category.

Defendants fail to sufficiently demonstrate that all reasonably segregable material has been released and in support defendants provided conclusory statements to justify withholding of documents. Defendants attempted the same tactic in the Oklahoma Request Case and later re-released un-redacted documents pursuant to the standards of FOIA requests. Plaintiff requests that defendants continue to re-examine their tactic and follow the procedures as in the Oklahoma Request and re-release documents un-redacted and segregable from exemption information is any actually exists.

## CONCLUSION

Plaintiff Jimmy Sharbutt has demonstrated that defendants have not responded properly to plaintiff's FOIA request where they have not released all records and portions thereof not exempt form disclosure, and that defendants failed to diligently conduct a search request, and gave conclusory statements to justify exemptions and non-segregable material in violation of FOIA standards.

For the reasons set forth herein and in Plaintiff's Motion for Partial Summary Judgment, Plaintiff request that defendants' Motion for Partial Summary Judgment should be denied.

Respectfully submitted,

*[signature]*

JIMMY SHARBUTT, Plaintiff Pro se
Reg. No. 09112-062
F.C.C. Forrest City Medium
P.O. Box 3000
Forrest City, AR  72336

page 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JIMMY SHARBUT, )
)
    Plaintiff, )
)
v. ) Civil Action No. 05-2396 JGP
)
BUREAU OF ALCOHOL, TOBACCO, )
FIREARMS & EXPLOSIVES, et al, )
)
    Defendants. )

### DECLARATION OF JIMMY SHARBUT

1. I am the Plaintiff appearing through Pro se representation in the above titled cause.

2. I have filed this suit into this Court to resolve the issue of whether defendants have fully and reasonably complied with my FOIA requests. I assert that they have not.

3. Defendants claim that there are no material facts in genuine dispute. Plaintiff asserts that material issues of fact do exists that would affect the outcome of the suit.

4. As to any facts as to which there is no genuine issue, Plaintiff asserts that when applying applicable law to the uncontested facts, Plaintiff's Motion for Partial Summary Judgment must be granted and defendants' Motion denied.

5. Plaintiff directs the Court to the Oklahoma City Request scenario where plaintiff submitted a FOIA request and in response, was informed that not records could be found. Plaintiff appealed the response and the agency was directed to conduct a further search in regards to plaintiff's FOIA. Plaintiff was advised that the subsequent search located records responsive to his request.

Defendant released two pages containing deletions. Plaintiff appealed the exemptions for the deletions and the agency again released the documents in full content.

6. Plaintiff asserts that defendant agencies are not complying with his FOIA request in the same manner as the Oklahoma agency first replied. Contrary to defendants contentions, had they proceeded in subsequent searches and review of qualifying exemptions of documents as Oklahoma had been ordered to and completed, all agency defendants would locate FOIA documents and re-release redacted documents in full.

7. Upon review of defendants statements in support of their assertions for exemptions and release of segregable material, it will be found that defendants provide conclusory statements that are factually and legally insufficient to demonstrate the reasonableness of their claims.

8. Defendants claim that they have properly responded to plaintiff's FOIA request. Plaintiff has shown, by their own declarations and alleged facts, that defendants' self serving statements fail to support their claims.

9. Defendants previous conduct is evidence of their failure to properly follow FOIA procedures until forced to, as in the Oklahoma Request scenario.

10. The material fact of whether defendants have complied with plaintiff's FOIA request fully are still in dispute and are the focus of this suit.

11. The subject of this declaration and the statements set forth herein are true and correct either on the basis of my personal knowledge or on the basis of information acquired by me through

the receipt of information received from FOIA requests.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

4/6/06
DATE

Jimmy Sharbutt
Plaintiff Pro se
Reg. No. 09112-062
F.C.C. Forrest City Medium
P.O. Box 3000
Forrest City, AR 72336

page 3