UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMMY SHARBUTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2396 JGP |
| ) | |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS & ) | |
| EXPLOSIVES, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S EXECUTIVE OFFICE FOR UNITED STATES
ATTORNEYS STATEMENT OF MATERIAL FACTS AS TO
WHICH THERE IS NO GENUINE ISSUE**

Defendant Executive Office for United States Attorneys ("EOUSA"), respectfully submits this statement of material facts as to which there are no genuine disputes in accordance with Local Rule 7.1(h). The attached declaration of John W. Kornmeier, Attorney Advisor, Freedom of Information/Privacy Act ("FOI/PA") Executive Office for United States Attorneys ("EOUSA"), supports this statement.

**Request Numbers 05-1450 and 05-1451**

1. By letter dated April 19, 2005 Mr. Sharbutt submitted a FOIA request to EOUSA asking for all his records with explicit instructions to search as follows: "Please search Tulsa and Oklahoma City, OK and send me everything used to prosecute me regardless if any of it is court records or not." Declaration of John W. Kornmeier ("Kornmeier Decl.") ¶ 4 and Exhibit A.

2. EOUSA split his request into two files corresponding to the USAOs to be searched and assigned the following request numbers: 05-1451 - Western District of Oklahoma and 05-

1450 - Northern District of Oklahoma. Kornmeier Decl. ¶ 5.

 3. With separate letters, for each request number and each dated June 6, 2005, EOUSA acknowledged Mr. Sharbutt's request and informed him that the fees for search and duplication would be aggregated in accordance with the relevant FOIA provisions. Kornmeier Decl. ¶ 6 and Exhibit B.

 4. By letter dated June 16, 2005, EOUSA informed Mr. Sharbutt that a search for records under request 05-1451 in the USAO for the Western District of Oklahoma ("USAO/OKW") had revealed no records. Kornmeier Decl. ¶ 7 and Exhibit C.

 5. Under regulation 28 C.F.R. § 1.11(e), EOUSA is required to notify a requester when it appears that fees for search and/or copying will exceed $25.00. By letter dated January 12, 2006, EOUSA notified Mr. Sharbutt that it was clear that charges under request 05-1451, which had already been completed and under request 05-1450, on which work was continuing, would exceed $25.00. EOUSA asked Mr. Sharbutt how he would like to proceed and gave him the option to reduce his fees by reformulating his request 05-1450. Kornmeier Decl. ¶ 8 and Exhibit D.

 6. By letter dated January 20, 2006, Mr. Sharbutt responded to EOUSA's letter of January 12, 2006, stating that: "I Want Everything" under request 05-1450. Kornmeier Decl. ¶ 9 and Exhibit E.

 7. Accordingly, EOUSA began to search for and process all records. Kornmeier Decl. ¶ 10.

 8. While processing request 05-1450, EOUSA realized that fees would exceed $250.00. Under Federal Regulation 28 C.F.R. § 16.11(i)(2), EOUSA may require advance payment when it estimates or determines that the fees will exceed $250.00. By letter dated March 21, 2006,

EOUSA notified Mr. Sharbutt that it had determined that fees were at least $345.00 and required an advance payment. EOUSA gave Mr. Sharbutt another opportunity to reformulate his request to reduce fees. EOUSA told Mr. Sharbutt that in accordance with 28 C.F.R. § 16.11(i), his request is not considered received until it received a response from him and that unless it heard from him in thirty days of the date of the letter, the matter would be closed. Kornmeier Decl. ¶ 11 and Exhibit F.

9. The plaintiff did not send the requested fee within the required thirty day time period nor did plaintiff respond with a reply to reformulate his request to reduce fees. EOUSA is accordingly closing request 05-1450.[1] Kornmeier Decl. ¶ 12.

10. Because Mr. Sharbutt refused to pay the fees under request 05-1450 required by Federal Regulations, he has failed to exhaust his administrative remedies.[2] Kornmeier Decl. ¶ 13.

11. The search for records under 05-1451 found no records. Accordingly, the only issue in regard to this request is the adequacy of the search. EOUSA performed a thorough search reasonably calculated to find all responsive documents. Kornmeier Decl. ¶ 14 and Exhibit G.

12. On September 20, 2005, EOUSA received a referral of four pages from the United

---

[1] EOUSA recently received a communication from plaintiff asking if it were possible to establish some type of payment plan to pay the fee over time. There is no provision in the regulations for payment plans and EOUSA is not set up to administer such plans. EOUSA is so informing plaintiff of this, but is also letting him know that if he does decide to pay the fee, EOUSA will reopen his file and assign a new request number, process his request, and release all disclosable documents to him. Kornmeier Decl. ¶ 12.

[2] As noted, fees were aggregated for requests 05-1450 and 05-1451 so the fees specified in the advance payment letter included the search and duplication costs for both requests. However, since EOUSA completed its search, processing and response to 05-1451 prior to the fees exceeding $250.00, the exhaustion issue is only relevant to request 05-1450. Kornmeier Decl. ¶ 13.

States Marshals Service for processing and direct response to the requester, Mr. Sharbutt. These records are referred to as 05-2813-R. Kornmeier Decl. ¶¶ 15-16.

  13. Under cover of letter dated September 29, 2005, EOUSA released one page in full and three pages in part to Mr. Sharbutt. EOUSA withheld information under exemption (j)(2) of the PA, 5 U.S.C. § 552a(j)(2), and under exemption (b)(7)(C) of the FOIA, 5 U.S.C. § 552(b)(7)(C). Kornmeier Decl. ¶ 16 and Exhibit H.

         Respectfully submitted,

         /s/
         _____
         KENNETH L. WAINSTEIN, D.C. Bar #451058
         United States Attorney

         /s/
         _____
:        RUDOLPH CONTRERAS, D.C. Bar #434122
         Assistant United States Attorney

         /s/
         _____
         WYNEVA JOHNSON, DC Bar #278515
         Assistant United States Attorney


         BRENDA C. WILLIAMS
         Paralegal Specialist