UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMMY SHARBUTT, )<br>)<br>Plaintiff, )<br>)<br>v.      )<br>)<br>BUREAU OF ALCOHOL, TOBACCO, )<br>FIREARMS, & EXPLOSIVES, et al. )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 05-02396 (JGP) |

## DECLARATION OF JOHN W. KORNMEIER

I, John W. Kornmeier declare the following to be a true and correct statement of facts:

1) I am an attorney advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include: acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"); the review of FOIA/PA requests for access to records located in this office and 94 United States Attorney's offices ("USAO's") and the case files arising therefrom; the review of correspondence related to requests; the review of searches conducted in response to requests; the location of responsive records; and preparation of responses thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28 CFR §§16.3 et. seq. and §16.40 et. seq.).

2) As an attorney advisor of the FOIA/PA Unit, EOUSA, I have authority to release and/or withhold records requested under the FOIA/PA, and to advocate the position of the EOUSA in actions brought under these Acts. The statements I make hereinafter are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3) Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff, Jimmy Sharbutt (hereinafter referred to as "Mr. Sharbutt "). I have reviewed the complaint which this Declaration addresses.

<u>REQUEST NUMBERS 05-1450 AND 05-1451</u>

4) By letter dated April 19, 2005 Mr. Sharbutt submitted a FOIA request to EOUSA asking for all his records with explicit instructions to search as follows:

> Please search Tulsa and Oklahoma City, OK and send me everything used to prosecute me regardless if any of it is court records or not. (See Exhibit A for a copy of his letter of April 19, 2005.)

5) EOUSA split his request into two files corresponding to the USAOs to be searched and assigned the following request numbers:

| Request No. | USAO to be searched |
| --- | --- |
| 05-1451 | Western District of Oklahoma |
| 05-1450 | Northern District of Oklahoma |

6) With separate letters, for each request number and each dated June 6, 2005, EOUSA acknowledged Mr. Sharbutt's request and informed him that the fees for search and duplication fees in accordance with FOIA provisions would be aggregated. See Exhibit B for copies of these letters.

7) By letter dated June 16, 2005, EOUSA informed Mr. Sharbutt that a search for records under request 05-1451 in the USAO for the Western District of Oklahoma ("USAO/OKW") had revealed no records. See Exhibit C for a copy of the letter of June 16, 2005.

8) Under regulation 28 CFR 16.11(e), EOUSA is required to notify a requester when it appears that fees for search and/or copying will exceed $25.00. By letter dated January 12, 2006, EOUSA notified Mr. Sharbutt that it was clear that charges under request 05-1451, which had already been completed and under request 05-1450, on which work was continuing, would exceed $25.00. EOUSA asked Mr. Sharbutt how he would like to proceed and gave him the option to reduce his fees by

reformulating his request 05-1450. See Exhibit D for a copy of the letter of January 12, 2006.

9) By letter dated January 20, 2006, Mr. Sharbutt responded to EOUSA's letter of January 12, 2006, stating that: "I Want Everything" under request 05-1450. See Exhibit E for a copy of the letter of January 20, 2006.

10) Accordingly, EOUSA began to search for and process all records.

11) While processing request 05-1450, EOUSA realized that fees would exceed $250.00. Under Federal Regulation 28 CFR 16.11(i)(2), EOUSA may require advance payment when it estimates or determines that the fees will exceed $250.00. By letter dated March 21, 2006, EOUSA notified Mr. Sharbutt that it had determined that fees were at least $345.00 and required an advance payment. EOUSA gave Mr. Sharbutt another opportunity to reformulate his request to reduce fees. EOUSA told Mr. Sharbutt that in accordance with 28 CFR 16.11(i), his request is not considered received until it received a response from him and that unless it heard from him in thirty days of the date of the letter, the matter would be closed. See Exhibit F for a copy of the letter of March 21, 2006.

12) Mr. Sharbutt did not send the requested fee within the required thirty day time period nor did he respond with a reply to reformulate his request to reduce fees. EOUSA is accordingly closing request 05-1450.[1]

Request 05-1450: Failure to Exhaust Administrative Remedies

13) Because Mr. Sharbutt refused to pay the fees under request 05-1450 required by Federal Regulations, he has failed to exhaust his administrative remedies.[2]

---

[1] EOUSA recently received a communication from Mr. Sharbutt asking if it were possible to establish some type of payment plan to pay the fee over time. There is no provision in the regulations for payment plans and EOUSA is not set up to administer such plans. EOUSA is so informing Mr. Sharbutt of this, but is also letting him know that if he does decide to pay the fee, EOUSA will re-open his file, assign a new request number, process his request, and release all disclosable documents to him.

[2] As noted above in paragraph 6, fees were aggregated for requests 05-1450 and 05-1451 so the fees specified in the advance payment letter discussed in paragraph 11 included the search and duplication costs for both requests. However, since EOUSA completed it search, processing, and response to 05-1451 prior to the fees exceeding $250.00, the exhaustion issue is only relevant to request 05-1450.

Request 05-1451: Adequacy of the Search

14) The search for records under 05-1451 found no records. Accordingly the only issue in regard to this request is the adequacy of the search. EOUSA performed a thorough search reasonably calculated to find all responsive documents. Attached as Exhibit G is a separate declaration of Joe W. Higginbotham, the FOIA contact for the USAO/OKW which gives a detailed description of the search under request 05-1451.

REQUEST NUMBER 05-2813-R

15) On September 20, 2005, EOUSA received a referral of four pages from the United States Marshal's Service for processing and direct response to the requester, Mr. Sharbutt.

16) Under cover of letter dated September 29, 2005, EOUSA released one page in full and three pages in part to Mr. Sharbutt. See Exhibit H for a copy of the letter of September 29, 2005. EOUSA withheld information under exemption (j)(2) of the PA, 5 U.S.C. § 552a(j)(2), and under exemption (b)(7)(C) of the FOIA, 5 U.S.C. Section 552(b)(7)(C).

Request 05-2813-R: Privacy Act Exemption (j)(2) Applied to Withhold Information

17) The EOUSA processes all requests by individuals for records pertaining to themselves under both the Freedom of Information and the Privacy Acts in order to provide the requester the maximum disclosure authorized by law. The Criminal Case Files maintained by various U.S. Attorney Offices are within the regulations pertaining to the Department of Justice Privacy Act Systems of Records at 28 CFR. §16.81 (a)(4). Pursuant to 28 CFR §16.81, the Attorney General has exempted Criminal Case Files from the Privacy Act's access provisions because they are records of an agency which performs as its principal function activity pertaining to the enforcement of criminal laws. The Privacy Act, 5 U.S.C. § 552a(j)(2), exempts from mandatory disclosure records maintained by an agency or component thereof, which performs as its principal function any activity pertaining to the enforcement of criminal laws. Here, because Mr. Sharbutt's records were part of the criminal case files of the USAO for the Northern District of Oklahoma, and were, therefore, compiled for law enforcement purposes, it was determined

that the records withheld, which were responsive to Mr. Sharbutt's request, were not disclosable under the Privacy Act.

Request 05-2813-R: Freedom of Information Act Exemption (b)(7)(C) Applied to Withhold Information

18) EOUSA withheld only the following information on the three documents it released in part; all other information was released.

| Date of Doc. | Number of Pages | Information Withheld |
| --- | --- | --- |
| 10/23/02 | 1 | One name (of a law enforcement officer) |
| No Date | 1 | two names (of law enforcement officers) |
| No Date | 1 | two names (of law enforcement officers) |

The following describes the application of FOIA exemption (b)(7)(C) that the EOUSA is asserting to withhold this information.

19) Exemption (b)(7)(C) of the FOIA exempts from mandatory release records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. All information at issue in this case was compiled for law enforcement purposes. It was compiled to prosecute a criminal case.

20) Exemption (b)(7)(C) is applied to withhold the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. Release of the identifying information could result in unwanted and even unlawful efforts to gain further access to such persons or to personal information about them, or cause them harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences arising from their connection to the case, all to their detriment.

21) This Exemption applies to withhold identities of individuals such as special federal agents, government employees, and local law enforcement personnel who participated in the investigation and prosecution of this case. Individual duties and assignments are not public and such publicity as would

likely arise from disclosure would seriously impede, if not totally jeopardize, law enforcement effectiveness in subsequent cases, even subjecting such individuals to harassment or harm. These persons have protected privacy interests in the conduct of law enforcement investigations. Specifically, the EOUSA applies this Exemption to the three pages released in part with only the names of law enforcement officers redacted. Such a redaction falls four square within the protection provided by this Exemption for law enforcement officers.

22) The EOUSA determined that there is no public interest in the release of this information because dissemination of the information would not help explain the activities and operations of the EOUSA. No public interest would counterbalance the individuals' privacy right in the information withheld under this exemption. Indeed, Mr. Sharbutt provided this office with no authorizations or consents from any third party individual to release otherwise personal privacy protected materials.

23) Since only individual names were redacted, the FOIA requirement that all non-exempt information be segregated and released has been met.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 2 4th 2006.

_____
John W. Kornmeier