UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMMY SHARBUTT,                    )<br>                                    )<br>    Plaintiff,                     )<br>                                    )<br>    v.                              )     Civil Action No. 05-2396 (JGP)<br>                                    )<br>BUREAU OF ALCOHOL, TOBACCO,         )<br>FIREARMS AND EXPLOSIVES, et al.,    )<br>                                    )<br>    Defendants.                     )<br>                                    ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff filed this FOIA complaint seeking records or information "in any way connected to his name" from the Bureau of Alcohol, Tobacco, Firearms Explosives (ATF), United States Marshals Service (USMS), Federal Bureau of Investigation (FBI), United States Department of Justice's Criminal Division , Federal Bureau of Prisons (BOP), Drug Enforcement Administration (DEA) and Internal Revenue Service (IRS).

Defendants filed a motion for partial summary judgment on behalf of the above defendants.[1] Specifically, defendants DEA, Department of Justice Criminal Division, Office of Enforcement Operations and IRS found no records. The declarations from agency representatives describe the scope of their respective searches and the bases of the finding of no responsive records.

Defendants ATF, USMS, FBI and BOP found responsive records. The declarations of

---

[1] A separate motion for partial summary judgment on behalf of Defendant Executive Office for Untied States Attorneys was filed on April 24, 2006. On April 25, 2006, the Court ordered that plaintiff file an opposition or other response to that Motion by May 31, 2006. As of this date, plaintiff has failed to respond.

agency representatives explain the scope of their respective searches and the appropriateness of the exemptions applied. Each defendant released all non-exempt documents or portions thereof and made every effort to provide plaintiff with all reasonably segregated portions of releaseable material.

Plaintiff has filed an Opposition, but plaintiff has not filed a Statement in Opposition to Defendants' Statement of Material Facts As to Which There is no Genuine Issue. Plaintiff states that "[p]ursuant to Fed. R. Civ. P. 56(e), plaintiff disputes the facts presented by defendants as set forth in his sworn statement of specific facts showing that there is a genuine issue and important facts which are in dispute, attached to this pleading." Opposition, p. 1. Plaintiff's declaration argues essentially that defendants have not complied with the requirements of FOIA in processing his FOIA complaint. However, he sets forth no facts or record support for any dispute of defendants' material facts.

The parties however, "are obligated pursuant to Local Rule [7.1(h)], to identify the material facts and to point to evidence of record that supports their respective positions." United States v. BCCI Holdings, 977 F. Supp.2d 1,6 (D.D.C. 1997), citing, Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 150-151 (D.C. Cir. 1996).

Accordingly,

> [t]he district court's obligation in examining a Rule [7.1(h)] statement of material facts in dispute, however labeled and wherever it appears in the opposition pleadings, extends therefore only to a determination of whether the party opposing summary judgment has complied with the rule's plain requirements.

Jackson, 101 F.3d. at 153. Here, plaintiff's Opposition fails to address the critical assertions made by defendants in defendants' statement of material facts not in genuine dispute.

2

Accordingly, the Statement of Material Facts may be treated as undisputed. e.g. Twist v. Meese, 854 F.2d 1421 (D.C. Cir. 1988).

Similarly, in his Opposition, plaintiff argues that defendants have not complied with the requirements of FOIA in the processing of his requests. Opposition, p.1. Plaintiff makes this bare assertion without any record support. For example, plaintiff asserts that the agencies which found no records "were involved in criminal investigations in collusion with state authorities and aided them in the conviction under which plaintiff is seeking FOIA discovery materials." Opposition, p. 2. Again, plaintiff provides no basis for his statement. He has failed to identify, in any way, in which manner the search for records was inadequate.

With regard to those agencies which found records, plaintiff argues that the agencies failed to release all reasonably segregated materials. Again, as with other bare assertions, plaintiff has provided no basis to challenge the assertions in the declarations filed by the agencies. The declarations submitted in support of defendants' motion meet the requirements of Vaughn v. Rosen, 484 F. 2d 820 (D.C.Cir. 1973), cert. denied, 415 U.S. 977 (1974) and provide the Court with the requisite basis to grant defendants' motion.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
Assistant United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
Judiciary Center Bldg.
555 4th Street, N.W., E4106
Washington, D.C. 20530
(202) 514-7224

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___13th___ day of June, 2006, that a copy of the foregoing was filed and served by First-Class mail; postage prepaid to:

Jimmy Sharbutt
#09112-062
F.C.C.
Box 3000 (MEDIUM)
Forrest City, Arkansas 72366

WYNEVA JOHNSON
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., E-4106
Washington, D.C. 20530
(202) 514-7224