UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMMY SHARBUTT,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS &<br>EXPLOSIVES, et al.,<br><br>　　　　　　Defendants. | Civil Action No. 05-2396 JGP |

## DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT ON BEHALF OF THE UNITED STATES MARSHALS SERVICE AND FEDERAL BUREAU OF PRISONS

Defendants, the United States Marshals Service and the Federal Bureau of Prisons, respectfully renews their Motion for Summary Judgment. Defendants incorporate, by reference, the arguments and exhibits set forth in Defendants' Motion for Partial Summary Judgment, ECF Document no. 23. In support of this Renewed Motion, Defendants respectfully submit the attached Memorandum of Points and Authorities, Statement of Material Facts not in Genuine Dispute, and Supplemental Declarations from Karen Summers, Paralegal Specialist, the Federal Bureau of Prisons, South Central Regional Office and William E. Bordley, Associate General Counsel and Freedom of Information/Privacy Act ("FOI/PA") Officer of the United States Marshals Service.

　　Plaintiff will please take notice that any factual assertions contained in the accompanying declarations and other attachments in support of defendants' motion will be accepted by the Court as true unless plaintiff controverts them with his own affidavit or other documentary

evidence. See Neal v. Kelly, 963 F.2d 453 (D.C.Cir., 1992), and Local Rule 7.1. As stated in Fed.R.Civ.P.56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,

/s/ _____
JEFFREY A. TAYLOR, D.C. BAR # 498610
Assistant United States Attorney

/s/ _____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/ _____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
Judiciary Center Bldg.
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
(202) 514-7224

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMMY SHARBUTT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 05-2396 JGP |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS & EXPLOSIVES, et al., | ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT

Defendants United States Marshals Service ("USMS") and the Federal Bureau of Prisons ("BOP") hereby renew their Motion for Summary Judgment in response to the Court's September 29, 2006 Memorandum Opinion and Order.

In its Order, the Court stated that the USMS "did not establish that its search for records was reasonable and adequate under the circumstances." Order, p. 26.

The Court also found that although the BOP's declaration referred to a Vaughn Index, there was no index attached to the declaration and the Court concluded that the record was therefore incomplete. Order, p. 16, fn 10.

Defendants USMS and BOP incorporate by reference the arguments, declarations and exhibits set forth in its Motion for Summary Judgment, including the Statement of Material Facts not in dispute.

The USMS' Supplemental Declaration of William E. Bordley sets forth the search for records of Plaintiff's FOIA request and incorporates by reference Mr. Bordley's original Declaration.

The Supplemental Declaration of BOP Paralegal Specialist Karen Summers attaches a Vaughn Index, which sets forth the basis for the BOP withholdings in this case.

## I. STATEMENT OF FACTS

Defendants incorporate by reference as its Statement of Facts, the Statement of Material Facts Not in Genuine Dispute, attached to Defendants' Motion for Summary Judgment. In addition, defendants incorporate herein as it Statement of Facts, the Statement of Material Facts Not in Genuine Dispute attached herein.

## II. ARGUMENT

### A. ADEQUACY OF SEARCH BY USMS

In responding to a FOIA request an agency is under a duty to conduct no more than a reasonable search for responsive records. Ogelsby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Cleary, Gottlieb, Steen & Hamilton v. Department of Health and Human Services, 844 F.Supp. 770, 776 (D.D.C., 1993).

The search standards under the FOIA do not place upon the agency a requirement that it prove that all responsive documents have been located. Nation Magazine, Washington Bureau v. U.S. Customs Service, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). It has been held that "the search need only be reasonable; it does not have to be exhaustive." Miller v. U.S. Dept. of State, 779 F.2d 1378, 1383 (8th Cir. 1985) citing, National Cable Television Ass'n, Inc. v. F.C.C., 479 F.2d 183, 186 (D.C.Cir. 1973). As a result, an agency under the FOIA is not required to search every

2

division or field office in response to a FOIA request when responsive documents are likely to be located in one place. Marks v. U.S. (Dept. of Justice), 578 F.2d 261, 263 (9th Cir. 1978). The agency is not obligated to perform an "open-ended, broad based, and ill-defined" search of every division and office. See, Marrera v. U.S. Dept. of Justice, 622 F.Supp. 51, 54 (D.D.C., 1985).

Even when a requested document indisputable exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent. Nation Magazine, 71 F.3d at 892 n.7. Additionally, the mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. Maynard v. C.I.A., 986 F.2d 547, (1st Cir. 1993). Simply stated, the adequacy of the search is "dependent upon the circumstances of the case." Truitt v. Department of State, 897 F.2d 540, 542 (D.C. Cir. 1990).

### 1. The USMS conducted a reasonable and adequate search

The Bordley Supplemental Declaration addresses the issue of the adequacy of the search for records pertaining to plaintiff's request addressed by the Court in its Memorandum Opinion dated September 29, 2006. Bordley Supp. Decl. ¶ 2.

Records pertaining to federal prisoners in the custody of the U.S. Marshal are electronically indexed and maintained in the nationwide USMS systems of records entitled Prisoner Processing and Population Management/Prisoner Tracking System (PPM/PTS) JUSTICE/USM-005, and/or the Warrant Information Network (WIN) system of records, JUSTICE/USM-007. Bordley Supp. Decl. ¶ 4. Decentralized segments of these two systems are located in each of the 94 USMS district offices and consist of the computerized databases and the manual file records corresponding to the electronic indices. Id. In this case, these systems of

records were searched using the plaintiff's name, date of birth, social security number and prisoner registration number as identifiers. Id. These systems of records are routinely searched in the applicable USMS offices in response to all requests for access to prisoner records in the particular USMS offices specified by the requester or as otherwise identified by the FOIA/PA staff based on the contents of the request. Id.

The USMS initially conducted a search for records pertaining to plaintiff in the Northern, Western, and Eastern Districts of Oklahoma, and the Eastern District of Arkansas U.S. Marshals offices which were the districts plaintiff identified in his request. Bordley Supp. Decl. ¶ 5. As a result of this search, the USMS located no records pertaining to plaintiff. Id.

The OGC FOI/PA Specialist personally telephoned the FOI/PA Liaisons in the Northern, Eastern and Western Districts of Oklahoma, and the Eastern District of Arkansas to verify their "no records" response. Bordley Supp. Decl. ¶ 6. The FOI/PA Liaisons in the Eastern and Western Districts of Oklahoma, and the Eastern District of Arkansas U.S. Marshals offices conducted a second search and confirmed that they located no records indexed to plaintiff's name or personal identifiers. Id and See also ¶9, Bordley Declaration dated January 31, 2006.

In conducting a second search for records pertaining to plaintiff, the Northern District of Oklahoma U.S. Marshal's office located fifty-five (55) pages of information pertaining to plaintiff that had not been located in the initial search due to an administrative oversight. Bordley Supp. Decl. ¶ 7. The administrative clerk assigned to the task to search for any records indexed to plaintiff's name failed to search the electronic records in the initial document search. Id. Pursuant to an electronic search using the plaintiff's identifiers, as set forth above, the electronic and manual file records indexed to plaintiff were located in the Prisoner

4

Processing and Population Management/Prisoner Tracking System (PPM/PTS), JUSTICE /USM-005, and the Warrant Information Network (WIN), JUSTICE/USM-007, systems of records. Records maintained in these systems are compiled for law enforcement purposes in connection with the USMS receipt, processing, transportation and custody of prisoners, the execution of Federal arrest warrants, and the investigation of fugitive matters. See Rule 4, Fed.R.Cr. Procedure, 18 U.S.C. Section 4086, 28 U.S.C. Section 566, and 28 C.F.R. Section 0.111(a),(j),(k),(q). As such, these systems of records were exempt from the access provisions of the Privacy Act pursuant to 5 U.S.C. Section 552a(j)(2). See 28 C.F.R. Section 16.101(a),(q). Therefore, to ensure maximum access, plaintiff's records were processed for disclosure pursuant to FOIA, 5 U.S.C. Section 552. Bordley Supp. Decl. ¶ 7.

The OGC FOI/PA Specialist contacted the FOI/PA Liaisons in the U.S. Marshals offices in the Northern, Eastern and Western Districts of Oklahoma, and the Eastern District of Arkansas a third time to request a search for any additional records pertaining to plaintiff. Bordley Supp. Decl. ¶ 8. The FOI/PA Liaisons completed a third search and located no additional records indexed to plaintiff's name or personal identifiers. Id.

Accordingly, the USMS has conducted an exhaustive search for records pertaining to plaintiff and no additional records pertaining to Sharbutt were located. The USMS has conducted a search that was reasonable and adequate. Therefore, summary judgment should be entered for defendant USMS.

**BOP**

In its Memorandum Opinion, the Court stated that the BOP failed to attach a Vaughn Index to the Declaration of BOP Paralegal Specialist Karen Summers. Defendant hereby attaches

5

Summers' Supplemental Declaration with the Vaughn Index which addressed the withholdings sought herein. Accordingly, summary judgment should be entered for Defendant BOP.

### III. CONCUSION

Defendants USMS and BOP have demonstrated that they responded properly to plaintiff's FOIA request, releasing to him all records and portions thereof not exempted from disclosure. Accordingly, Defendants respectfully request that their Renewed Motion for Summary Judgment should be granted.

Respectfully submitted,

/s/ _____
JEFFREY A. TAYLOR, D.C. BAR # 498610
Assistant United States Attorney

/s/ _____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/ _____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
Judiciary Center Bldg.
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
(202) 514-7224

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMMY SHARBUTT, </br></br> Plaintiff, </br></br> v. </br></br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS & EXPLOSIVES, et al., </br></br> Defendants. | Civil Action No. 05-2396 JGP |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS AS
TO WHICH THERE IS NO GENUINE ISSUE**

Defendants respectfully submit this statement of material facts as to which there are no genuine disputes in accordance with Local Rule 7.1(h) in support of its Renewed Motion for Summary Judgment. The Supplemental Declarations of the following officials support this statement:(3) William E. Bordley, Associate General Counsel and Freedom of Information/Privacy Act ("FOI/PA") Officer of the United States Marshals Service; (5) Karen Summers, Paralegal Specialist, Federal Bureau of Prisons, South Central Regional Office. The Statement of Material Facts not in Dispute in Defendants' Motion for Summary Judgment is incorporated herein.

**USMS**

1. Records pertaining to federal prisoners in the custody of the U.S. Marshal are electronically indexed and maintained in the nationwide USMS systems of records entitled Prisoner Processing and Population Management/Prisoner Tracking System (PPM/PTS) JUSTICE/USM-005, and/or the Warrant Information Network (WIN) system of records,

JUSTICE/USM-007. Bordley Supp. Decl. ¶ 4. Decentralized segments of these two systems are located in each of the 94 USMS district offices and consist of the computerized databases and the manual file records corresponding to the electronic indices. Id. In this case, these systems of records were searched using the plaintiff's name, date of birth, social security number and prisoner registration number as identifiers. Id. These systems of records are routinely searched in the applicable USMS offices in response to all requests for access to prisoner records in the particular USMS offices specified by the requester or as otherwise identified by the FOIA/PA staff based on the contents of the request. Id.

2. The USMS initially conducted a search for records pertaining to plaintiff in the Northern, Western, and Eastern Districts of Oklahoma, and the Eastern District of Arkansas U.S. Marshals offices which were the districts plaintiff identified in his request. Bordley Supp. Decl. ¶ 5. As a result of this search, the USMS located no records pertaining to plaintiff. Id.

3. The OGC FOI/PA Specialist personally telephoned the FOI/PA Liaisons in the Northern, Eastern and Western Districts of Oklahoma, and the Eastern District of Arkansas to verify their "no records" response. Bordley Supp. Decl. ¶ 6. The FOI/PA Liaisons in the Eastern and Western Districts of Oklahoma, and the Eastern District of Arkansas U.S. Marshals offices conducted a second search and confirmed that they located no records indexed to plaintiff's name or personal identifiers. Id and See also ¶9, Bordley Declaration dated January 31, 2006.

4. In conducting a second search for records pertaining to plaintiff, the Northern District of Oklahoma U.S. Marshal's office located fifty-five (55) pages of information pertaining to plaintiff that had not been located in the initial search due to an administrative oversight. Bordley Supp. Decl. ¶ 7. The administrative clerk assigned to the task to search for

any records indexed to plaintiff's name failed to search the electronic records in the initial document search. Id. Pursuant to an electronic search using the plaintiff's identifiers, as set forth above, the electronic and manual file records indexed to plaintiff were located in the Prisoner Processing and Population Management/Prisoner Tracking System (PPM/PTS), JUSTICE /USM-005, and the Warrant Information Network (WIN), JUSTICE/USM-007, systems of records. Records maintained in these systems are compiled for law enforcement purposes in connection with the USMS receipt, processing, transportation and custody of prisoners, the execution of Federal arrest warrants, and the investigation of fugitive matters. See Rule 4, Fed.R.Cr. Procedure, 18 U.S.C. Section 4086, 28 U.S.C. Section 566, and 28 C.F.R. Section 0.111(a),(j),(k),(q). As such, these systems of records were exempt from the access provisions of the Privacy Act pursuant to 5 U.S.C. Section 552a(j)(2). See 28 C.F.R. Section 16.101(a),(q). Therefore, to ensure maximum access, plaintiff's records were processed for disclosure pursuant to FOIA, 5 U.S.C. Section 552. Bordley Supp. Decl. ¶ 7.

5. The OGC FOI/PA Specialist contacted the FOI/PA Liaisons in the U.S. Marshals offices in the Northern, Eastern and Western Districts of Oklahoma, and the Eastern District of Arkansas a third time to request a search for any additional records pertaining to plaintiff. Bordley Supp. Decl. ¶ 8. The FOI/PA Liaisons completed a third search and located no additional records indexed to plaintiff's name or personal identifiers. Id.

**BOP**

1. A Vaughn Index setting forth the BOP's withholdings and exemptions are attached to the Supplemental Declaration. Summers Supp. Decl ¶ 2

Respectfully Submitted,

/s/ J.A. Taylor (by RC)
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
Assistant United States Attorney

/s/ [signature]
_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/ Wyneva Johnson
_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
Judiciary Center Bldg.
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
(202) 514-7224

11