IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JIMMY SHARBUTT )
)
       Plaintiff, )
)
v. ) Civil Action No: 1:05CV02396
)
BUREAU OF ALCOHOL, TOBACCO, )
FIREARMS & EXPLOSIVES, ET AL )
)
       Defendants. )
)

## SUPPLEMENTAL DECLARATION

I, WILLIAM E. BORDLEY, hereby make the following Supplemental Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

1. I am the Associate General Counsel and Freedom of Information/Privacy Act Officer of the United States Marshals Service (USMS), assigned to the Headquarters, Office of General Counsel, Arlington, Virginia. I am experienced with the procedures for responding to requests made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act (PA), 5 U.S.C. § 552a, for information maintained in the records and files of the USMS. The USMS Headquarters Office of General Counsel (OGC) is responsible for processing all FOI/PA requests made to any USMS office throughout the United States pursuant to USMS policy.

2. This Declaration supplements my January 31, 2006 Declaration, and it addresses

the issue of the adequacy of the search for records pertaining to plaintiff's request addressed by the Court in its Memorandum Opinion dated September 29, 2006.

3. The USMS does not maintain a central prisoner and warrant file management system; instead, prisoner and warrant files are decentralized and maintained by individual USMS districts or components. The USMS FOI/PA liaisons in the district offices routinely coordinate and/or conduct document searches in their district offices in response to FOIA and PA requests. The FOI/PA Liaisons are knowledgeable about the records and files maintained by their particular office

4. Records pertaining to federal prisoners in the custody of the U.S. Marshal are electronically indexed and maintained in the USMS systems of records entitled Prisoner Processing and Population Management/Prisoner Tracking System (PPM/PTS) JUSTICE/USM-005, and/or the Warrant Information Network (WIN) system of records, JUSTICE/USM-007. Decentralized segments of these two systems are located in each of the 94 USMS district offices and consist of the computerized databases and the manual file records corresponding to the electronic indices. In this case, these systems of records were searched using the plaintiff's name, date of birth, social security number and prisoner registration number as identifiers. These systems of records are routinely searched in the applicable USMS offices in response to all requests for access to prisoner records in the particular USMS offices specified by the requester or as otherwise identified by the FOIA/PA staff based on the contents of the request.

5. As previously stated in my Declaration dated January 31, 2006, the USMS initially conducted a search for records pertaining to plaintiff in the Northern, Western, and Eastern Districts of Oklahoma, and the Eastern District of Arkansas U.S. Marshals' offices which were the districts plaintiff identified in his request. As a result of this search, the USMS located

no records pertaining to plaintiff.

6. The OGC FOI/PA Specialist personally telephoned the FOI/PA Liaisons in the Northern, Eastern and Western Districts of Oklahoma, and the Eastern District of Arkansas to verify their "no records" response. The FOI/PA Liaisons in the Eastern and Western Districts of Oklahoma, and the Eastern District of Arkansas U.S. Marshals' offices conducted a second search and confirmed that they located no records indexed to plaintiff's name or personal identifiers. See ¶9, Bordley Declaration dated January 31, 2006.

7. In conducting their second search for records pertaining to plaintiff, the Northern District of Oklahoma U.S. Marshal's office located fifty-five (55) pages of information pertaining to plaintiff that had not been located in the initial search due to an administrative oversight. The administrative clerk assigned to the task to search for any records indexed to plaintiff's name failed to search the electronic records in their initial document search. Pursuant to an electronic search using the plaintiff's identifiers, as set forth above, the electronic and manual file records indexed to plaintiff were located in the Prisoner Processing and Population Management/Prisoner Tracking System (PPM/PTS), JUSTICE/USM-005, and the Warrant Information Network (WIN), JUSTICE/USM-007, systems of records. Records maintained in these systems are compiled for law enforcement purposes in connection with the USMS receipt, processing, transportation and custody of prisoners, the execution of Federal arrest warrants, and the investigation of fugitive matters. See Rule 4, Fed.R.Cr. Procedure, 18 U.S.C. Section 4086, 28 U.S.C. Section 566, and 28 C.F.R. Section 0.111(a),(j),(k),(q). As such, these systems of records were exempt from the access provisions of the Privacy Act pursuant to 5 U.S.C. Section 552a(j)(2). See 28 C.F.R. Section 16.101(a),(q). Therefore, to ensure maximum access, plaintiff's records were processed for disclosure pursuant to FOIA, 5 U.S.C. Section 552.

8. In preparation of this Declaration, the OGC FOI/PA Specialist contacted the FOI/PA Liaisons in the U.S. Marshals offices in the Northern, Eastern and Western Districts of Oklahoma, and the Eastern District of Arkansas a third time to request a search for any additional records pertaining to plaintiff. The FOI/PA Liaisons completed a third search and located no additional records indexed to plaintiff's name or personal identifiers.

9. Other USMS systems of which may or may not have records on prisoners are the Witness Security Files Information System (WITSEC), JUSTICE/USM-008, and the Inappropriate Communications/Threat Information System (IC/TIS), JUSTICE/USM-009. Both of these systems are maintained at USMS Headquarters and decentralized segments of the IC/TIS system are located in U.S. Marshals' offices in each of the 94 judicial districts. WITSEC files pertain to government witnesses who are participants in the Federal Witness Security Program and are used to plan and accomplish the major functions involved in the protection of government witnesses and their families. IC/TIS files cover persons who have inappropriately communicated with, directly threatened, or pose a threat to USMS protectees, including Federal judges, prosecutors, and other court officials, USMS and other law enforcement officers, courtroom security, and federal property and buildings, associates of such individuals, and individuals reported by State and local agencies to the USMS who have threatened to harm State or local judicial officials. The IC/TIS records are used to assess the existence and extent of dangers posed and to develop and carry out operating plans, funding, personnel, and any special resources needed to counteract threat situations. Generally, these two systems of records are not routinely searched in response to requests for access to prisoner records and are searched only when the requester's description of records sought indicates that responsive records may be located in one of these systems. For example, a requester may ask for records related to his/her

participation in the Witness Security Program or records regarding an allegation that he/she threatened a judge or other USMS protectee. Only then would it be reasonable to believe that records pertaining to that requester might be located in either the WITSEC or the IC/TIS system of records. Plaintiff provided no information to the USMS to indicate his participation in the Witness Security Program, and no information in plaintiff's documents identified plaintiff as the subject of a threat investigation.

10. Each U.S. Marshal's office also maintains records on seized assets. Since these records pertain to seized assets, rather than an individual, they are not maintained in a system of records and are not required to be searched in connection with a Privacy Act request for records on an individual. Rather, these seized assets are indexed to the civil action case number assigned by the court, the asset identification number, and/or a description of the asset. Identification of one of these information items by a FOI/PA requester is required to initiate a search of seized asset records in response to a FOI/PA request. Therefore, these records are not routinely searched for records in response to an individual's request unless one or more items of these information items are provided by the requester. Plaintiff, in this case, provided no such information.

11. By letter dated September 19, 2005, the USMS informed plaintiff in its response that after conducting a supplemental search of its files, fifty-five (55) pages had been located which were indexed to plaintiff's name. Of the fifty-five (55) pages located which pertained to plaintiff, thirty-three (33) pages were disclosed to plaintiff in their entirety, three pages were referred to the Federal Bureau of Investigation (FBI), four pages were referred to the Executive Office for U.S. Attorneys (EOUSA), and the remaining fifteen (15) pages were disclosed with minimal deletions pursuant to exemption 7(C) of the Freedom of Information Act, 5 U.S.C.

§ 552(b)(7)(C). All non-exempt portions of USMS documents pertaining to plaintiff have been segregated and released to him.

12.   Exemption 7(C) allows an agency to withhold records or information compiled for law enforcement purposes to the extent that the production could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(7)(C). This exemption was applied to the documents released to plaintiff to withhold the names and information of federal and non-federal law enforcement officers and other government employees. Plaintiff presents no public interest to warrant disclosing the names of these individuals, nor does the USMS believe that public disclosure of this information is warranted. Conversely, there is a legitimate public interest in promoting the efficient performance of official duties which is fostered by shielding government employees from unnecessary public attention, harassment, and annoyance or possible danger. Additionally, one who serves as a career public servant is not thereby stripped of every vestige of personal privacy, even with respect to the discharge of their official duties. Public identification of these law enforcement officers and other government employees could subject them to harassment and unwarranted scrutiny, both in the course of performing their official duties and in their private lives, and could possibly pose a danger to their life or physical safety. Therefore, the public interest weighs in favor of non-disclosure to foster privacy and the efficient performance of official duties regarding the receipt, processing, transportation and custody of prisoners, the execution of Federal arrest warrants, and the investigation of fugitive matters. Absent a legitimate public interest, disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(7)(C).

13.  Exemption 7(C) was also applied to withhold information pertaining to third party individuals, including prisoners other than plaintiff. In reaching the decision to withhold personally identifiable information from documents released to plaintiff, the USMS considered whether or not there was a legitimate public interest in disclosure which would outweigh the individual's privacy interest in non-disclosure. However, it is not readily apparent how information identifiable to prisoners other than plaintiff and other private individuals would satisfy a legitimate public need for information about the workings of our criminal justice system and the USMS could discern no legitimate public interest in disclosure of this information. Release of this identifying information could expose these individuals to unwarranted public attention, embarrassment, harassment or annoyance for being associated with an official criminal law enforcement matter. Further, he provides no indication as to how disclosure of such information would meet the basic purpose of the FOIA i.e., to shed light on an agency's performance of its statutory duties, nor can the USMS discern any public interest in disclosure which would outweigh the privacy of these individuals, including the possible danger to their life or physical safety for cooperating in law enforcement activity. Disclosure to plaintiff would be equivalent to disclosure to the public and, as such, would constitute a clearly unwarranted invasion of personal privacy since no legitimate interest would be served by disclosure. 5 U.S.C. Section 552(b)(7)(C).

14.  As discussed in ¶7 above, fifty-five (55) pages of information were located in the decentralized segment of the PPM/PTS and WIN system of records maintained by the Northern District of Oklahoma U.S. Marshal's office. All documents located were generated or obtained by the USMS while plaintiff was in the custody of the U.S. Marshal, Northern District of Oklahoma.

15. A description of the 15 pages released to plaintiff on September 19, 2005, with excisions made pursuant to 5 U.S.C. Section 552(b)(7)(C) is provided as follows:

16. **Documents Located by the USMS and Disclosed with Information Deleted And Withheld:**

| Document Item | Document Description | No. Of Pages |
|---|---|---|
| Item 1 | Forms USM-41, Prisoner Remand or Order to Deliver and Receipt for United States Prisoners dated May 20, 2002 and October 31, 2003 Removed names of law enforcement personnel and other prisoners | 3 |
| Item 2 | USMS Prisoner Tracking System - FBI Disposition Report dated October 31, 2003 Removed name of government personnel | 1 |
| Item 3 | Memos regarding Designation dated October 10, October 24 and October 29, 2003 Removed names of government personnel | 3 |
| Item 4 | Movement/Transportation Printout dated October 29, 2003 Removed name of government personnel | 1 |
| Item 5 | Undated Handwritten Note Removed name of government personnel | 1 |
| Item 6 | Form USM-312, Personal History dated May 21, 2002 (page 1) Removed names and information identifiable to third party individuals | 1 |
| Item 7 | Form USM-552, Prisoner Medical Records Release dated May 20, 2002 Removed name of law enforcement personnel | 1 |
| Item 8 | Arrest and Booking Data Sheet dated May 20, 2002 (w/duplicate copy) Removed names and information identifiable to third party individual, and law enforcement personnel | 2 |

| | | |
|---|---|---|
| Item 9 | Fax Transmittal Sheet dated May 17, 2002<br>Removed name of law enforcement personnel | 1 |
| Item 10 | Detainer Notice dated May 17, 2002<br>Removed name of law enforcement personnel | 1 |

17.  In summary, a total of fifty-five (55) pages of information were located which were indexed to plaintiff's name. Seven (7) pages were referred to originating agencies, i.e., the Federal Bureau of Investigation (FBI) three (3) pages, and the Executive Office for U.S. Attorneys (EOUSA) four (4) pages for disclosure determination and direct response to plaintiff. Of the forty-eight (48) pages released to plaintiff, thirty-three (33) pages were released in their entirety and fifteen (15) pages were released with information redacted and withheld pursuant to exemption 7(C) of the FOIA, 5 U.S.C. Section 552(b)(7)(C).

18.  Based on the above, and through all efforts described above, the USMS has conducted an exhaustive search for records pertaining to plaintiff and no additional records pertaining to Sharbutt were located, and all non-exempt information has been segregated and released to plaintiff.

I declare under penalty of perjury pursuant to 28 U.S.C. Section 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
WILLIAM E. BORDLEY

Date Executed:    NOV 1 6 2006